**Lawrence A. BELL, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 81–644.**

District of Columbia Court of Appeals.

Feb. 7, 1983.

---

Before NEBEKER, MACK and BELSON, Associate Judges.

## ORDER

PER CURIAM.

■ This court has considered the motion of court-appointed counsel for appellant to withdraw and the accompanying brief filed pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1976), which provided for withdrawal of counsel where only frivolous issues have been raised on appeal. Counsel's brief is commendably complete. However, this court finds several legal points which, even on the face of the submissions by appointed counsel, are nonfrivolous and arguable on the merits. *Anders, supra* at 744, 87 S.Ct. at 1400.

■ Moreover, the court notes that counsel has served the United States Attorney with the motion and brief. The United States Court of Appeals for the District of Columbia Circuit has long instructed counsel appointed to represent a defendant on a criminal appeal not to serve a copy of a so-called *Anders* motion on the United States Attorney. *Anders, supra* at 744, n. 3, 87 S.Ct. at 1400, n. 3; "Statement to be Handed by the Clerk to Appointed Counsel," appended to *Suggs v. United States*, 129 U.S.App.D.C. 133, 140, 391 F.2d 971, 978 (1968); United States Court of Appeals for the District of Columbia Circuit, *Handbook of Practice and Internal Procedures*, § VII(C)(3) at p. 39 (1978). While this court has not previously enunciated such a policy, we regard it as salutary and hereby adopt it as the policy of this court. In view of the foregoing, it is

ORDERED that the motion of counsel to withdraw is denied; and it is

FURTHER ORDERED that counsel for appellant, within 40 days from the date of this order, file a brief on the merits dealing with nonfrivolous issues including, but not limited to, the following: (1) whether the one-man show-ups were impermissibly suggestive; (2) whether the admission of Ms. Logwood's testimony regarding the earlier incident of March 4, 1980, was in error; (3) whether the government carried its burden of proving malicious destruction of property where it introduced no evidence regarding the condition of the loading dock switch prior to the incident involving the defendant; and (4) whether statements in the government's closing argument were improper as comments on the defendant's failure to testify or as impermissible shifting of the burden of proof.