Rodger H. CORLEY, Jr., a/k/a/Roger H. Corley, a/k/a Jerry Jackson, Appellant,

v.

UNITED STATES, Appellee.

No. 11443.

District of Columbia Court of Appeals.

June 13, 1980.

Before GALLAGHER and NEBEKER, Associate Judges, and YEAGLEY, Associate Judge, Retired.*

NEBEKER, Associate Judge:

This case presents the narrow issue of whether the provisions enacted by Congress found in D.C.Code 1978 Supp., §§ 11–2601 et seq., (The District of Columbia Criminal Justice Act) afford the assistance of counsel in criminal cases to any one in the District of Columbia who is financially unable to obtain adequate representation for the purpose of preparation of a petition for a writ of certiorari to the Supreme Court. We answer the question in the affirmative.

I

Petitioner Corley was convicted of violating D.C.Code 1973, §§ 22–2801, –3202, armed rape, and D.C.Code 1973, §§ 22–2101, –3202, armed kidnapping. His convictions were affirmed on appeal by a Memorandum Opinion and Judgment issued December 21, 1977, and his petition for a rehearing en banc was denied on July 8, 1978. Subsequently, he submitted a petition for a writ of certiorari. He argued that his appellate counsel did not inform him that his conviction had been affirmed or of his right to petition for a writ of certiorari. In view of the position taken by the Solicitor General, the Supreme Court granted the petition for the purposes of vacating the judgment and remanding the case to this court for a determination of whether the District of Columbia Criminal Justice Act confers a statutory right to the assistance of counsel in filing a petition for a writ of certiorari.

II

When Congress enacted the District of Columbia Court Reform and Criminal Procedure Act of 1970,[1] Pub.L. No. 91–358, 84 Stat. 473 (1970), a court structure was established in the District of Columbia which

---

* Judge Yeagley's status changed from that of Associate Judge to Associate Judge, Retired, on April 20, 1979. See D.C.Code 1973, § 11–1502.

1. See D.C.Code 1973, §§ 11–101 et seq.

essentially parallels that of a state court system. Until that time the local courts had very limited jurisdiction in criminal cases and all felony prosecutions were brought in the United States District Court for the District of Columbia. Consequently, rules applicable to the District Courts would determine the rights of a person tried in the District of Columbia.

■ The applicable federal statute concerning the appointment of counsel is 18 U.S.C. § 3006A (1976). This statute was enacted in 1964. On September 3, 1974, Congress passed Pub.L. No. 93–412, 88 Stat. 1089 (1974), which in the same Bill enacted Chapter 11, §§ 2601 *et seq.*, of the District of Columbia Code and amended 18 U.S.C. § 3006A. It is apparent that by this statute, Congress intended to give persons tried in the Superior Court for the District of Columbia the same right to appointment of counsel as those persons would have had if they had been tried in the United States District Court for the District of Columbia. *See Gregory v. United States*, D.C.App., 393 A.2d 132, 141 (1978). This conclusion is supported by the similarity of the statutes and the cross-reference in the provisions applicable to the Superior Court and the Court of Appeals to the provisions found in 18 U.S.C. § 3006A. In addition, we look to the interpretation of the federal statute for guidance in determining the construction of our own statute since it was based on the federal provision. *See* Sutherland Statutory Construction, Vol. 2A, § 52.02 (4th ed. 1973).

D.C.Code 1978 Supp., § 11–2603, reads in part:

A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the court through appeals . . .

A petition for a writ of certiorari is a permissible process while the appeal is pending. The opportunity for Supreme Court review of state court decisions is an integral component of the total appellate process in a criminal case. We conclude that the assistance of compensated counsel in preparation of a petition for writ of certiorari is within the intent and coverage of D.C.Code 1978 Supp., § 11–2603 representation "through appeals." Our interpretation of the statute is supported by the interpretation that has been given to 18 U.S.C. § 3006A, which has established the right to counsel under this section for preparation of a writ of certiorari. *Wilkins v. United States*, 441 U.S. 468, 99 S.Ct. 1829, 60 L.Ed.2d 635 (1979); *Schreiner v. United States*, 404 U.S. 67, 92 S.Ct. 326, 30 L.Ed.2d 222 (1971). *See generally, Report on Criminal Justice Act*, 36 F.R.D. 277, 291 (1965).

■ We conclude that the petitioner Corley was, under the provisions of D.C.Code 1978 Supp., §§ 11–2601 *et seq.*, entitled to the assistance of compensated counsel in the preparation of his petition for writ of certiorari. Accordingly, the judgment of conviction in the Superior Court is reaffirmed and counsel will be duly appointed for the preparation of the petition for writ of certiorari.

*So ordered.*