Bernard BROWN–BEY,
Petitioner-Appellant,

v.

UNITED STATES of America, et al.,
Respondents-Appellees.

No. 82–1439.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 14, 1983.*

Decided Nov. 1, 1983.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Bernard Brown-Bey, Lewisburg, Pa., for petitioner-appellant.

Richard H. Lloyd, Asst. U.S. Atty., James R. Burgess, Jr., U.S. Atty., East St. Louis, Ill., for respondents-appellees.

Before CUMMINGS, Chief Judge, CUDAHY and POSNER, Circuit Judges.

CUMMINGS, Chief Judge.

Appellant appeals from an order of the district court adopting the magistrate's report and recommendation and granting defendants' motion to dismiss or, in the alternative, for summary judgment. We affirm.

## I.

Appellant filed an amended petition for a writ of habeas corpus [1] on February 9, 1981, against the United States, the U.S. Attorney General, two officials in the U.S. Bureau of Prisons, wardens of three U.S. correctional facilities, and the members of three prison disciplinary committees. Appellant's petition contained three principal claims. First, appellant contended he was denied the right to present his own witnesses and confront his accusers at a prison disciplinary hearing at which he was found guilty of assaulting a fellow inmate. Appellant also argued that the disciplinary committee's rationale for punishing him was insufficient. Second, appellant claimed that defendant Garrison, warden at the U.S. correctional institution at Petersburg, Virginia, violated appellant's right to privacy under the Privacy Act, 5 U.S.C. § 552a, when Garrison told appellant's fiancée certain details about appellant's prison record and behavior that harmed appellant's relationship with his fiancée. Finally, the amended petition included several vague references to prison transfer decisions involving appellant; the nature of appellant's complaint about the transfers is not entirely clear.

The district court granted defendants' motion to dismiss or, in the alternative, for summary judgment. Appellant raises a plethora of issues on appeal, including contentions relating to the magistrate's ruling on both procedural and substantive issues.

## II.

### A.

■ The magistrate correctly dismissed appellant's Privacy Act claim. Appellant's amended petition names only individual defendants. The Privacy Act authorizes private civil actions for violations of its provisions only against an agency, not against any individual. 5 U.S.C. § 552a(g)(1) (1976); *Wren v. Harris,* 675 F.2d 1144, 1148

n. 8 (10th Cir.1982); *Bruce v. United States,* 621 F.2d 914, 916 n. 2 (8th Cir.1980).

### B.

■ Appellant makes several claims with regard to the disciplinary hearing at which he was found guilty of assaulting another prisoner. All of appellant's contentions lack merit. First, appellant argues that requiring him to leave the room during the testimony of the victim violates his sixth amendment right to confront his accuser. The Supreme Court rejected appellant's argument nearly a decade ago. Confrontation and cross-examination of witnesses in the context of a prison disciplinary proceeding are matters left to the sound discretion of prison officials. *Wolff v. McDonnell,* 418 U.S. 539, 567–69, 94 S.Ct. 2963, 2980–81, 41 L.Ed.2d 935 (1974). Prison officials have broad discretion in operating a prison disciplinary system. *Redding v. Fairman,* 717 F.2d 1105, 1112 (7th Cir. 1983). Appellant does not point to any facts indicating an abuse of discretion, nor have we found any in our examination of the record.

■ Appellant's next contention is that his due process rights were violated by the disciplinary committee in finding him guilty of assault. Appellant claims specifically that there was insufficient evidence to find him guilty and that the committee relied on an impermissible factor (appellant's "sophistication") in deciding on a sanction. The victim identified appellant as his assailant to the disciplinary committee, but said that the problem had been settled and that he would not testify further. In addition, the testimony of appellant's alibi witness regarding appellant's whereabouts at the time of the assault differed materially from appellant's statement. We cannot say that "no reasonable adjudicator could have found the prisoner guilty on the basis of the evidence presented." *Jackson v. Carlson,* 707 F.2d 943, 949 (7th Cir.1983). Similarly,

---

1. Appellant's pleading was labeled as a petition for a writ of habeas corpus, but included a demand for money damages in its prayer for relief. Appellant's "petition," therefore, presented claims under 42 U.S.C. § 1983 as well as for habeas relief. Regardless of the nature of appellant's claims, we affirm the district court's order for the reasons stated herein.

there is no evidence that the disciplinary committee violated appellant's due process rights in recommending that appellant be held in disciplinary segregation for 30 days and be transferred to another institution. The committee considered several factors in deciding upon appropriate sanctions, including the seriousness of the offense, the need to supervise appellant more closely, and appellant's sophistication. The committee's written statement satisfied the requirements of *Wolff v. McDonnell,* 418 U.S. at 564–65, 94 S.Ct. at 2979.

### C.

■■■ Appellant's amended petition also included several obscure references to his transfers from one federal prison to another. If appellant wants to be transferred closer to his family and friends, he fails to state a cognizable federal claim. *Moore v. United States Attorney General,* 473 F.2d 1375 (5th Cir.1973). If appellant is claiming a right to have a hearing before being transferred, his contention is without merit. The Attorney General, pursuant to 18 U.S.C. § 4082(b) (1976), has the discretion to transfer federal prisoners from one place of confinement to another at any time for any reason whatsoever or for no reason at all. *Beck v. Wilkes,* 589 F.2d 901, 904 (5th Cir.1979), certiorari denied *sub nom., Beck v. Hanberry,* 444 U.S. 845, 100 S.Ct. 90, 62 L.Ed.2d 58 (1979); *Robinson v. Benson,* 570 F.2d 920, 923 (10th Cir.1978); *Smith v. Saxbe,* 562 F.2d 729, 735 (D.C.Cir.1977); *McDonnell v. United States Attorney General,* 420 F.Supp. 217, 220–21 (E.D.Ill.1976). Moreover, the Supreme Court has ruled that the due process clause does not mandate a hearing for transfers—for either administrative or disciplinary reasons—of state prisoners, whether the transfers are interstate or intrastate. *Olim v. Wakinekona,* —— U.S. ——, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). As the Court rejected a narrow reading of the latter two decisions in *Olim,* 103 S.Ct. at 1745 n. 6, we believe the principles of these three cases are equally applicable to transfers of federal prisoners. Due process does not require a hearing before federal prisoners may be transferred from one federal correctional institution to another.

### D.

■■■ Appellant contends that he did not have a reasonable opportunity to present pertinent material before consideration of the defendants' summary judgment motion and that the magistrate was required to hold a hearing on that motion. The record indicates that appellant had an adequate and reasonable opportunity to file affidavits to contradict defendants' affidavit and demonstrate that a genuine issue existed as to any material fact. *See Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). Upon review of the affidavits filed by appellant, we are convinced that the magistrate correctly determined that no genuine issue existed as to any material fact. Moreover, the magistrate was not required to hold a hearing before making a recommendation on the motion for summary judgment. *See Sarelas v. Porikos,* 320 F.2d 827, 828 (7th Cir. 1963), certiorari denied, 375 U.S. 985, 84 S.Ct. 519, 11 L.Ed.2d 473 (1964). Rule 78 of the Federal Rules of Civil Procedure allows a court to make rules for the submission and determination of motions without a hearing. Rule 6(a) of the Rules of the U.S. District Court for the Southern District of Illinois permits the court to use its discretion in setting motions for hearings and oral argument. We cannot say that the magistrate abused his discretion in not holding a hearing on defendants' summary judgment motion.

Appellant's second principal complaint about the procedure used below is that the magistrate failed to rule on several of appellant's motions, including a motion to compel answers to interrogatories and a request that the court appoint counsel to represent appellant.

■■■ A district court has wide discretion with respect to discovery matters. *Eggleston v. Chicago Journeymen Plumbers'*

*Local Union No. 130, U.A.,* 657 F.2d 890, 902 (7th Cir.1981), certiorari denied *sub nom., Chicago Journeymen Plumbers' Local Union No. 130, U.A. v. Plummer,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). A trial court's limitation on the manner and course of discovery will be reversed by this Court only upon a showing that the limitation "is improvident and prejudices a party's substantial rights." *In re Rassi,* 701 F.2d 627, 631 (7th Cir.1983). There has been no such showing in this case. Furthermore, the applicability of discovery rules is limited in habeas corpus proceedings: "it is difficult to believe that the draftsmen of the Rules or Congress would have applied the discovery rules without modification to habeas corpus proceedings because their specific provisions are ill-suited to the special problems and character of such proceedings." *Harris v. Nelson,* 394 U.S. 286, 296, 89 S.Ct. 1082, 1089, 22 L.Ed.2d 281 (1969). A court must provide adequate discovery in a habeas corpus proceeding "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Id.,* 394 U.S. at 300, 89 S.Ct. at 1091. The allegations in appellant's amended petition are without merit. There is no reason to believe that discovery would change this fact. The district court did not abuse its discretion in not ruling on appellant's discovery motion before granting defendants' motion to dismiss or for summary judgment.

■ Finally, the magistrate erred in not ruling on appellant's request for appointment of counsel. The decision of whether to appoint counsel to indigent litigants is a matter within the discretion of the district court; recent decisions of this Court have addressed the standard to be followed by the district court in exercising this discretion. *See Wilson v. Duckworth,* 716 F.2d 415 (7th Cir.1983); *Merritt v. Faulkner,* 697 F.2d 761 (7th Cir.1983), petition for certiorari filed, 52 U.S.L.W. 3121 (U.S. July 29, 1983) (No. 83–153); *McKeever v. Israel,* 689 F.2d 1315 (7th Cir.1982); *Maclin v. Freake,*

650 F.2d 885 (7th Cir.1981). The failure of the trial court to exercise its discretion at all—in this case, in failing to rule on appellant's request for appointment of counsel—constitutes an abuse of discretion. *McKeever v. Israel,* 689 F.2d at 1320 (the trial court's failure to exercise its discretion under 28 U.S.C. § 1915(d) because it did not recognize its authority to appoint counsel held to be an abuse of discretion). A trial court must rule on a request for appointed counsel before ruling on a summary judgment motion or a motion to dismiss. *See, e.g., Emory v. Duckworth,* 555 F.Supp. 985, 987 (N.D.Ind.1983).

■ The magistrate's error, however, is rendered harmless by the clear lack of merit in appellant's case. This Court has set forth five factors—including whether the merits of the claim are colorable—which shall be considered in ruling on requests to appoint counsel. *See Wilson v. Duckworth,* 716 F.2d at 418. The initial task is to evaluate the merits of the case; if the claim has no merit in fact and law, the remaining factors need not be considered and the request for appointment of counsel may be denied. *See Maclin v. Freake,* 650 F.2d at 887. We find no merit in any of appellant's claims. Moreover, appellant "has not pointed to issues of fact or law that appointed counsel could develop for presentation" to the district court. *Wilson v. Duckworth,* 716 F.2d at 418. In light of the lack of merit in appellant's claims, we need not direct the district court to rule on appellant's motion by weighing the relevant factors; remanding for a ruling on appellant's request to appoint counsel would be an exercise in futility and a waste of judicial resources.

### III.

We have considered the remaining issues raised by appellant and find them to be without merit. The judgment of the district court is affirmed.