**Bernard L. WISE, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83–1174.

District of Columbia Court of Appeals.

March 26, 1987.

Before TERRY and ROGERS, Associate Judges, and GALLAGHER, Senior Judge, in Chambers.

TERRY, Associate Judge:

Bernard Wise was convicted of first-degree theft[1] and two counts of malicious destruction of property[2] after he stole an automobile from a parking garage and crashed it into a van which had stopped for a red light at an intersection. We affirmed all three convictions in an unpublished memorandum opinion and judgment. *Wise v. United States,* No. 83–1174 (D.C. December 13, 1984). Wise, who is indigent, now moves *pro se* for the appointment of new appellate counsel to prepare and file on his behalf a petition for rehearing en banc. His previous appellate counsel, however, has concluded that such a petition would be frivolous and has so advised him. In effect, Wise is seeking new appointed counsel to second-guess the conclusion of prior counsel that a petition for rehearing en banc would be frivolous. Since the record does not reveal any issues or suggest any

---

1. D.C.Code § 22–3812(a) (1986 Supp.).

2. D.C.Code § 22–403 (1981).

arguments likely to merit rehearing en banc, we deny the motion.

Wise was represented by court-appointed counsel both at trial and on appeal. After his convictions were affirmed, Wise asked his appellate counsel, Stephen Milliken, to seek rehearing en banc. Milliken wrote a letter to Wise expressing the opinion that a petition for rehearing would be frivolous.[3] Wise then asked us to appoint new counsel to assist him in filing a petition for rehearing en banc. He relies on D.C.Code § 11–2603 (1981), which states in pertinent part:

A person for whom counsel is appointed shall be represented *at every stage of the proceedings* from his initial appearance before the court *through appeals*, including ancillary matters appropriate to the proceedings. [Emphasis added.]

The issue presented here is whether this statute requires the appointment of new counsel, after an appellant's conviction has been affirmed, for the purpose of petitioning this court to rehear a case en banc. In *Corley v. United States*, 416 A.2d 713 (D.C.), *cert. denied*, 449 U.S. 1036, 101 S.Ct. 1036, 66 L.Ed.2d 499 (1980), we held that section 11–2603 entitled an appellant to court-appointed counsel for the purpose of petitioning the United States Supreme Court for a writ of certiorari. Because we believed that the opportunity to seek Supreme Court review was "an integral component of the total appellate process," we concluded that section 11–2603 required the appointment of counsel for that purpose as a part of representation "through appeals." *Id.* at 714.

*Corley* is not applicable to this case. The filing of a petition for rehearing en banc, unlike a petition for certiorari, is not an integral part of the appellate process. Petitions for rehearing en banc are "not favored" by the court and are granted only under extraordinary circumstances. D.C. App.R. 40(e).[4] Supreme Court Rule 17, by contrast, says only that review by certiorari "is not a matter of right, but of judicial discretion"; it states that there are limits to the exercise of that discretion, but it does not proclaim to the whole world a presumption against certiorari petitions comparable to that announced by our Rule 40(e). Furthermore, a petition for rehearing en banc is filed in the same court that decided the case in the first place, in an attempt to convince the full court that one of its divisions has gone astray; a certiorari petition, however, is filed in a different court, which has the power to review what we have done virtually from scratch. The nature of the review is necessarily different because it is conducted by a different tribunal. All that *Corley* holds is that Criminal Justice Act funds will pay for the services of an attorney who seeks to persuade a higher court that this court has erred. That attempt at persuasion can more reasonably be called "an integral component of the total appellate process" than the filing of a petition for rehearing en banc.

■ Wise was represented on appeal by competent counsel, who has now concluded, in the exercise of his professional judgment, that a petition for rehearing en banc would be frivolous. There is nothing in the record to suggest that this assessment was wrong. Indeed, Wise has asserted only that there was insufficient evidence to support his convictions.[5] We explicitly reject-

---

3. Milliken's letter to Wise, which Wise appended to his motion, stated in pertinent part:

I received your letter requesting pursuit of further relief by rehearing. As I previously wrote you, I see *no* relief in further prosecution of this appeal. I cannot consistent with my obligations as an attorney file further pleadings which I view as frivolous. [Emphasis in original.]

4. Rule 40(e) states in pertinent part:

[Rehearing en banc] is not favored and ordinarily will not be ordered except (1) when consideration by the full court is necessary to

secure or maintain uniformity of its decisions, or (2) when the proceeding involves a question of exceptional importance.
*Accord,* Fed.R.App.P. 35(a).

5. We asked Wise to outline his arguments in support of a rehearing en banc. Wise responded:

I am sorry to inform you that I am unable to furnish additional in-depth discussion on specific additional issues to further my appeal. In examining the issues that were presented on my direct appeal, the Court[s] on the same issues raised, in the majority of

ed that argument in our memorandum opinion affirming the trial court's judgment; it has no more merit now than it had then.

 We hold that section 11–2603 does not compel us to appoint new appellate counsel to prepare a frivolous petition for rehearing en banc, and therefore we deny the motion for appointment of counsel. *Cf. Brown-Bey v. United States,* 720 F.2d 467, 471 (7th Cir.1983) (error in failing to rule on motion for appointment of counsel "rendered harmless by the clear lack of merit in appellant's case").

*Motion denied.*

ROGERS, Associate Judge, concurring:

I join in the result reached by the majority, and write separately only to indicate my view that we decide a narrow issue. Because appellant Wise was appointed counsel on appeal and that counsel did, in fact, advise Wise on the merits of filing a petition for rehearing en banc, we need not decide whether this stage of appellate proceedings is an "integral part" of the appellate process for which he is entitled to appointed counsel. *See Corley v. United States,* 416 A.2d 713 (D.C.), *cert. denied,* 449 U.S. 1036, 101 S.Ct. 614, 66 L.Ed.2d 499 (1980). Wise's disagreement with the recommendation of his appellate counsel on the merits of filing a petition does not, in my view, raise the issue addressed by the majority.

other [cited] cases, have reversed on the same issues cited in my appeal. The [government's] evidence clearly is insufficient to support conviction.