860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karal BATTLE-EL, Plaintiff-Appellant,
K. Allen-Bay; C.L. Taylor-Bey; W. Andrews-El; R.
Rimmer-Bey; Walter T. Johnson-El; Allan F.
Reed-Bey; F. Burrell-El; Carl S.
Proctor-Bey; K. Weems-Bey, Plaintiffs,
v.
Robert BROWN; Mary Benjamin; John Jabe; Joseph McFerran,
Defendants-Appellees.
 No. 88-1375.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1988.
 
 Before MERRITT, BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's summary judgment dismissing his civil rights claim filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff Karal Battle-el is one of ten plaintiffs housed in "4-Block" of the State Prison for Southern Michigan (SPSM) who complained that defendants limited their ability to worship as members of the Moorish Science Temple of America (MSTA). Plaintiffs sought money damages, declaratory judgment, and injunctive relief, and filed motions for class certification and for the appointment of counsel.
 
 
 3
 Defendants' filed a motion for summary judgment and asserted that the restrictions were reasonably related to legitimate penological objectives, especially in light of recent violence within the unit. Battle-el, as "legal advisor" to the MSTA, also filed a motion for summary judgment and asserted that the restrictions on participation in religious practices predated the cited incident of violence. He further complained of discrepancies in defendants' assertions concerning an investigation into his claims.
 
 
 4
 The case was referred to a magistrate who recommended that defendants' motion for summary judgment be granted. The district court accepted the magistrate's report and recommendation and entered summary judgment in favor of defendants. On appeal, plaintiff asserts that the district court erred by failing to consider discrepancies in defendants' prior statements and by failing to address his motions for class certification and for appointment of counsel.
 
 
 5
 Upon review we conclude that summary judgment in favor of the defendants was proper because Battle-el failed to demonstrate the existence of a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex v. Catrett, 477 U.S. 317 (1986). Moreover, defendants were entitled to judgment as a matter of law because the alleged restrictions are "reasonably related to legitimate penological interests." See O'Lone v. Shabazz, 107 S.Ct. 2400, 2404 (1987); Turner v. Safley, 107 S.Ct. 2254, 2261 (1987).
 
 
 6
 Additionally, the district court's errors, if any, by failing to address plaintiff's pending motions for counsel and for class certification are harmless. See, e.g., Brown-Bey v. United States, 720 F.2d 467, 471 (7th Cir.1983).
 
 
 7
 Accordingly, the district court's judgment filed March 24, 1988, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.