912 F.2d 467
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ernest CORNES, Petitioner-Appellant,
v.
James H. THIERET and Attorney General of the State of
Illinois, Respondents-Appellees.
 No. 89-1458.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 22, 1990.*
Decided Aug. 29, 1990.
 
 Before CUDAHY, and POSNER, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner-appellant Cornes pled guilty in 1953 and 1954 to two charges of armed robbery and one charge of rape. He was sentenced to three consecutive terms, with the last term to be an indeterminate sentence of 10 years to life on one of the armed robbery convictions. While on parole for that indeterminate sentence, Cornes was charged in 1977 with rape, deviate sexual assault, and intimidation. He was sentenced on those charges to 60 years, 60 years, and 10 years respectively, with those sentences to be served concurrently. The concurrent determinative sentences of 60 years were to be served consecutive to the indeterminate 10 years to life sentence from the armed robbery conviction. Pursuant to Ill.Rev.Stat., Ch. 38 p 1005-8-4, the indeterminate sentence of 10 years to life was aggregated with the concurrent determinative sentences of 60 years to form an indeterminate sentence of 70 years to life. Cornes challenged that aggregation on a number of constitutional grounds.
 
 
 2
 In an unpublished order, we affirmed the dismissal of all of the constitutional challenges except the equal protection challenge. The basis of the equal protection challenge was that Corrections Department officials treated the aggregate sentences of other inmates as running from the original date of custody, whereas Cornes' aggregate sentence was treated as commencing on his new custody date--the date of his reincarceration subsequent to the parole violations. Cornes had submitted sentence calculation worksheets of three fellow inmates in support of his claim. We held that we had not found any administrative or other codified support justifying the different treatment based on Cornes' circumstances, and remanded the case for the district court's consideration.
 
 
 3
 On remand, the magistrate held that the Department of Corrections had a rational basis for the differing treatment, and denied the habeas petition. Specifically, the magistrate examined the sentence calculation worksheets mentioned in our order, and noted that none of those inmates had served their minimum term on their original sentence before imposition of the subsequent sentence. In contrast, Cornes had satisfied the minimum term for the first offense. Because Cornes had produced no evidence that other inmates who had served their minimum terms were treated differently, the magistrate rejected the equal protection claim. In addition, the magistrate cited Ill.Rev.Stat., ch. 38 p 1003-3-9(a) as providing adequate state grounds to support a difference in calculating starting dates. We now vacate that decision and remand the case to the district court for further factual development.
 
 
 4
 The magistrate assumed that Cornes' aggregated 70-to-life sentence was calculated as beginning on his reincarceration date. The magistrate found that Cornes' situation was distinguishable from that of the other inmates because he had served his minimum sentence before the subsequent conviction. The magistrate did not, however, identify any statutes or administrative declarations which indicate that such a distinction should affect the custody date used. Absent such support, we are left with a factual distinction which may or may not be relevant to the differing treatment. In addition, the magistrate rejected the equal protection claim because Cornes had failed to provide evidence of other inmates who were similarly situated. This failure alone cannot defeat Cornes' claim because his request for discovery of such information was not granted by the magistrate. A denial of a discovery request is reviewed only for an abuse of discretion. Dole v. Local 1942, IBEW, AFL-CIO, 870 F.2d 368, 371 (7th Cir.1989); Brown-Bey v. United States, 720 F.2d 467, 470-71 (7th Cir.1983). If that information was crucial to Cornes' claim, then the failure to grant the discovery request would constitute an abuse of discretion.
 
 
 5
 The second basis provided by the magistrate for the decision is that Ill.Rev.Stat., ch. 38 p 1003-3-9(a) provides adequate state grounds to support a difference in calculating starting dates. That provision, however, does not purport to grant the parole board the power to recalculate the starting date for a sentence, but rather empowers the parole authorities to revoke parole if the terms of the parole are violated. That power is not at issue in this equal protection challenge. In fact, the state on appeal does not aruge that p 1003-3-9(a) provides support for the difference in the starting dates.
 
 
 6
 The state instead argues on appeal that Cornes is not being required to serve an aggregated 70-to-life sentence. Because Cornes has already served the 10-year minimum on the 10-to-life sentence, the state argues that Cornes' aggregated sentence is 60-to-life, which is calculated as beginning on the date of reincarceration. This interpretation avoids the possibility that Cornes would have to re-serve the initial ten year minimum. If this interpretation is correct, then the basis for Cornes' equal protection challenge would disappear. Therefore, we remand the case to the district court for a determination of whether the sentence as of the date of reincarceration is 60-to-life or 70-to-life. If that sentence should be 70-to-life, the district court should determine whether there is any statutory or administrative support justifying treatment which apparently differs from that accorded similarly situated prisoners, and should take such other actions as its conclusions dictate.
 
 
 7
 The decision is VACATED and REMANDED with directions.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record