16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Stephen WARD, Plaintiff/Appellant,
v.
Thomas HOYTON and David Tadlock, Defendants/Appellees.
 No. 92-3362.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 9, 1994.
 
 Before POSNER, Chief Circuit Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 The district court dismissed as frivolous Stephen Ward's claim that correctional officers confiscated his audio-visual equipment while he was in segregation in violation of the Fourteenth Amendment. 28 U.S.C. Sec. 1915(d). The court allowed Ward's Eighth Amendment cruel and unusual punishment claim to proceed to trial, where a jury found for the defendants. Ward appeals, arguing that the district court erred in dismissing his Fourteenth Amendment claim sua sponte, in failing to respond to a discovery motion and to enter a judgment in his favor as to two defendants on the due process claim, and in denying his request for the appointment of counsel. We affirm.
 
 
 2
 Ward argues that the district court's sua sponte dismissal of his due process claim constituted an abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Prisoners claiming due process violations under the Fourteenth Amendment must demonstrate that they have been deprived of a protected liberty or property interest by arbitrary government action and that these interests arise from the Constitution, a statute, or administrative regulations. Hewitt v. Helms, 459 U.S. 460, 471-72 (1983); Vitek v. Jones, 445 U.S. 480, 493-94 (1980); Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7-11 (1979); Meachum v. Fano, 427 U.S. 215, 223-24 (1976); see Williams v. Lane, 851 F.2d 867, 879-80 (7th Cir.1988), cert. denied, 488 U.S. 1047 (1989). Ward cannot make such a showing.
 
 
 3
 The Illinois Administrative Code provides that "[e]ach facility shall develop and post a list of authorized audio-visual equipment each committed person assigned to the general population may be permitted to retain." Ill.Admin.Code tit. 20, Sec. 535.30(a) (emphasis added). Inmates confined to segregation "shall be denied the privilege of possessing all audio-visual equipment until he is released from segregation ...," Ill.Admin.Code tit. 20, Sec. 535.30(f), although an inmate confined to segregation for more than 60 consecutive days may submit a written request for the restoration of his audio-visual equipment. Ill.Admin.Code tit. 20, Sec. 535.30(g). The adjustment committee sentenced Ward to one month in segregation, and pursuant to the rules, he was not entitled to possess audio-visual equipment.[1] Therefore, because Ward was not deprived of a property interest, his due process rights were not violated. The district court did not abuse its discretion in determining that Ward's claim had no arguable basis in law or fact.[2]
 
 
 4
 Ward next contends that the defendants withheld until trial the fact that two guards named in his complaint, Walker and Suber, no longer worked for the Illinois Department of Corrections. Ward argues further that the district court allowed the defendants to withhold this information and erred by not entering a Rule 58 judgment against the two guards. In a motion filed in February 1992 with the district court, Ward stated that he had attempted to serve Suber and Walker, but service was returned because they were no longer employed at the prison facility. Ward requested that the court provide him with the guards' addresses.[3] The record on appeal contains no response from the court to this motion. In the absence of any showing of prejudice, however, we cannot say that the district court abused its discretion in failing to rule on Ward's discovery motion. Brown-Bey v. United States, 720 F.2d 467, 470-71 (7th Cir.1983). The allegations against the two guards who were not served are the same as those against the two defendants who proceeded to trial and prevailed. Further, Ward pointed to no error arising at trial, and his claims on appeal are without merit. Therefore, Ward was not prejudiced by the district court's failure to rule on his discovery motion.[4]
 
 
 5
 Finally, Ward argues that the district court erred in denying his motion for counsel. Ward never moved to request counsel before the district court, and therefore has waived this claim. See Howland v. Kilquist, 833 F.2d 639, 643 (7th Cir.1987).[5]
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Ward acknowledges that his property was returned to him
 
 
 [2]
 We note that prison authorities are given great deference in adopting prison practices that are necessary to maintain order, discipline or security. Bell v. Wolfish, 441 U.S. 520, 547 (1979); Ford v. Schmidt, 577 F.2d 408, 410 (7th Cir.), cert. denied, 439 U.S. 870 (1978); see Thornburgh v. Abbott, 490 U.S. 401 (1989) (prison authorities have broad discretion as to entry of materials into prison)
 
 
 [3]
 Ward claims he first learned at trial in August 1992 that these guards were not employed by the Illinois Department of Corrections. However, his request to the district court in February belies that argument
 
 
 [4]
 Because the district court was without jurisdiction over the two guards, Ward is not entitled to the entry of a Rule 58 judgment against them
 
 
 [5]
 Ward's brief included an order from the district court denying Ward's motion for counsel in another Sec. 1983 actions, Ward v. Curry, No. 92 C 1259 (N.D.Ill. Aug. 27, 1992). In that case, Judge Moran noted that Ward "has demonstrated a rather considerable capacity to advocate his positions and a reasonably good grasp of legal concepts and procedures."