23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Aaron ISBY, Plaintiff-Appellant,
v.
Charles E. WRIGHT, Defendant-Appellee,
 No. 93-2113.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1994.*
Decided May 9, 1994.
 
 Before POSNER, Chief Judge, and BAUER, and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Aaron Isby, an inmate at the Maximum Control Complex in Westville, Indiana, was found guilty by a Prison Conduct Adjustment Board (CAB) of destroying a mattress owned by the state. Restitution was ordered in the amount of $78.00 and his prison trust account was forzen until restitution was paid. Isby filed this civil rights action under 42 U.S.C. Sec. 1983 claiming that he was deprived of due process of law when his prison bank account was frozen allegedly without notice. The district court granted summary judgment in favor of Wright[1] and Isby appeals.
 
 
 2
 We have held that to require correctional officials to seek a criminal restitution order or a civil tort judgment before freezing an inmate's trust fund account would only "delay implementation of, and hence, impair the efficacy of prison disciplinary measures." Campbell v. Miller, 787 F.2d 217, 224 (7th Cir.), cert. denied, 479 U.S. 1019 (1986). However, if the inmate was denied due process in the disciplinary proceeding in which the sanction was imposed, he may then challenge the action taken by prison administers as unconstitutional. Id. at 225. By claiming that he did not receive prior notification of the disciplinary charge and hearing, Isby raises this precise challenge. See Wolff v. McDonnell, 418 U.S. 539 (1974).
 
 
 3
 Isby contends that he first received notice that he had been charged with damaging state property when he was notified on March 5, 1992, that his account was frozen as a result of a sanction imposed by the CAB for destroying a mattress. The primary evidence supporting his position is that the conduct report written on the incident was dated "9/22/92" but the alleged incident occurred on 2/22/92. This, he claims, proves that the conduct report was written only as an afterthought to create a paper record justifying the intrusion into his trust account. Taken as a whole, the evidence belies the inference Isby is asking us to draw.
 
 
 4
 All evidence offered in support of summary judgment pertains to CAB case number 92-02-22 which indicates that the offense occurred as stated on February 22, 1992. On February 26, 1992, Isby received a copy of the conduct report and notice of the disciplinary hearing involving allegations of destruction of the mattress. The documents indicate that Isby refused to sign the acknowledgement of receipt of notice. Isby denies this and argues instead that it indicates that he was never given notice. Such a negative inference is not enough to avoid summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Isby also challenges the statement of evidence provided by the CAB as inadequate to justify the disciplinary action imposed. Due process requires that the fact finder provide the prisoner a written statement of the evidence relied upon and the reason for the disciplinary action. Wolff, 418 U.S. at 562. The specificity of the statement, however, "will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and the proof offered by both sides." Culbert v. Young, 834 F.2d 624, 631 (7th Cir.1987), cert. denied, 485 U.S. 990 (1988). Resting its decision on the only evidence before it, the disciplinary hearing report stated that Isby was found "guilty based on the conduct report." According to the conduct report, the officers observed Isby's bedding material tossed on the cell floor, and upon entering the cell noticed that Isby's mattress had been torn up. Isby provided no statement contesting the charge and failed to appear for the hearing. When the facts underlying the charged misconduct are not disputed, as was the case here, reliance on the description of the charge provided by the reporting officer is sufficient to support the disciplinary action imposed. See Forbes v. Trigg, 976 F.2d 308, 318 (7th Cir.1992); Saenz v. Young, 811 F.2d 1172, 1173-74 (7th Cir.1987). From this evidence we can therefore conclude, as did the district court, that the disciplinary proceeding satisfied due process.
 
 
 5
 Finally, Isby argues that the district court erred in granting summary judgment without ruling on his motion to compel discovery. Without the requested discovery, he contends that he was unable to oppose the defendant's motion. Just what Isby hoped to gain through his request for document production is unclear from the conclusory argument presented in his brief. A mere contention in the absence of any showing of prejudice is not enough to show that the district court abused its discretion by not ruling on the discovery motion. Brown-Bey v. United States, 720 F.2d 467, 471 (7th Cir.1983). The documents sought primarily pertained to the freezing of his prison account, not his disciplinary proceeding. Moreover, Isby's failure to comply with Rule 13 of the Rules of the United States District Court for the Northern District of Indiana, as directed by the court, or to request a continuance pursuant to Fed.R.Civ.P. 56(f) to obtain discovery leads us to conclude that the district court did not abuse its discretion in not ruling on the discovery motion before granting summary judgment in favor of the defendant. See Kinney v. Indiana Youth Center, 950 F.2d 426, 466 (7th Cir.1991), cert. denied, 112 S.Ct. 2313 (1992).
 
 
 6
 For these reasons, the judgment of the district court is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiff-Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Isby's complaint also named Michael Scott, litigation liaison at the prison, as a defendant. The district court granted Scott's motion to dismiss on the basis that Isby had failed to allege sufficient personal involvement to hold Scott liable. Isby's appealed the dismissal. The appeal, No. 93-1600, was voluntarily dismissed pursuant to Federal Rule of Appellate Procedure 42 and Isby does not now challenge the dismissal of Scott