153 F.3d 730
 98 CJ C.A.R. 4096
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Prince S.J. WEBBER, Plaintiff--Appellant,
v.
U.S. DEPARTMENT OF DEFENSE; United States Department of the
Army; United States Air Force; United States Air Force,
Secretary of the Air Force; U.S. Disciplinary Barracks;
Federal Bureau of Prisons; Federal Bureau of Prisons,
Director of the Federal Bureau of Prisons; Attorney General
of the United States of America, Defendants--Appellees.
 No. 97-6306.
 United States Court of Appeals, Tenth Circuit.
 July 28, 1998.
 
 Before PORFILIO, KELLY, and HENRY, Circuit Judges.**
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Mr. Webber, a military prisoner appearing pro se and in forma pauperis, appeals from the dismissal of his habeas petition, 28 U.S.C. § 2241. He claims that he was denied extra good conduct time when he was transferred from disciplinary barracks to a federal prison. Adopting the recommendation of the magistrate judge, the district court dismissed the action as moot because Mr. Webber had been restored to extra good time status and retroactively credited for the appropriate amount of time.
 
 
 3
 Mr. Webber objected to the magistrate's recommendation. He claims that the matter was not moot because prior to his transfer he received a greater amount of time based upon his tenure in a particular job. He contends that any reduction in the amount of extra good conduct time that he now earns is contrary to the prohibition on ex post facto laws recognized in Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981).
 
 
 4
 The record is clear that extra good conduct time is increased with tenure in a work assignment. See I R. doc. 24, exh. B & exh. B, attach. 2 (Army Reg. 190-47, p 5-7(c)). Nothing in the regulation, however, suggests that tenure in a work assignment may not begin anew upon a transfer and subsequent work assignment. Cf. Sandin v. Conner, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (reaffirming lack of liberty interest in being free of prison transfers); Brown-Bey v. United States, 720 F.2d 467, 470 (7th Cir.1983) (extending Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983), to federal prisoners). Indeed, transfer to another facility does not implicate the lack of notice that the ex post facto prohibition seeks to prevent. See Weaver, 450 U.S. at 30. The regulation provides between one and seven days of extra good conduct time per month; that Mr. Webber does not currently earn the six days per month (for assistant instructors and supervisor's assistants) that he did previously does not entitle him to relief on this record. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).
 
 
 5
 AFFIRMED.
 
 
 
 **
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3