## SCHREINER *v.* UNITED STATES

No. 71–5294.   Decided November 16, 1971

PER CURIAM.

The motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted, the judgment of the Court of Appeals is vacated and the case is remanded to the Court of Appeals for further proceedings, including re-entry of its judgment affirming petitioner's conviction and consideration of the appointment of counsel for petitioner in connection with seeking review in this Court of the judgment of the Court of Appeals. 18 U. S. C. §§ 3006A (c), 3006A (d)(6), 3006A (g).   See also H. R. Rep. No. 1709, 88th Cong., 2d Sess., 7 (1964); Report of the Committee to Implement the Criminal Justice Act of 1964, presented to a Special Session of the Judicial Conference of the United States, 36 F. R. D. 285, 291 (1965); Fed. Rule Crim. Proc. 44 (a); *Doherty* v. *United States, ante,* p. 28.

MR. JUSTICE DOUGLAS, concurring.

Schreiner has a statutory right to the assistance of a lawyer in drafting his petition for certiorari.   As I indicated in *Doherty* v. *United States, ante,* p. 29, that right is not conditioned on counsel's appraisal of the merits of the petition.   No conditions are attached to rights under Fed. Rule Crim. Proc. 44 and the Criminal Justice Act of 1964.   This view was adopted by the

Judicial Conference's Committee to Implement the Criminal Justice Act:

> "[C]ounsel appointed on appeal should advise the defendant of his right to initiate a further review by the filing of a petition for certiorari, and to file such petition, if requested by the defendant." Report of the Committee to Implement the Criminal Justice Act, 36 F. R. D. 285, 291 (1965).

Moreover, the Tenth Circuit has implemented this suggestion. See 1A West's Federal Forms, Supreme Court, § 488 (B. Boskey ed. 1969).

There may well be instances where the remedy sought is inappropriate—*e. g.*, an effort to obtain mandamus where the duty is only discretionary. The statute does not, however, permit an indigent's right to be conditioned upon the fortuity of whether a lawyer believes this Court will grant his petition. We ourselves often have difficulty making that prophecy.