Shirley J. **HALL, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 87–271.

District of Columbia Court of Appeals.

Submitted Dec. 9, 1988.

Decided June 16, 1989.

---

Walter S. Booth, Bethesda, Md., appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., with whom Michael W. Farrell, Mary Ellen Abrecht, Washington, D.C., and Gregory E. Jackson, Asst. U.S. Attys., were on the brief, for appellee.

Before NEWMAN, BELSON and STEADMAN, Associate Judges.

BELSON, Associate Judge:

A jury convicted appellant of distribution of heroin and possession with the intent to distribute heroin ("PWID"), both in violation of D.C.Code § 33–541(a)(1) (1988 Repl.). On direct appeal, appellant asserts as grounds for reversal that her trial counsel's legal representation fell below the required standard thereby violating appellant's constitutional right to the effective assistance of counsel. We disagree and affirm appellant's convictions.

Specifically, appellant contends that her representation at trial was deficient in four respects: (1) counsel failed to introduce evidence to rebut the government's contention that the $255.00 police found on her were the proceeds of illegal drug distribution activities; (2) counsel refused to call appellant, who wished to testify, as a witness; (3) counsel failed to call another witness appellant had identified as able to give exculpatory testimony; and (4) counsel failed to exploit the misidentification of appellant by a police officer at trial.

A hearing was held on appellant's motion to set aside her convictions under D.C.Code § 23–110 (1981) at which appellant's trial counsel testified and explained his actions. It is the record from this hearing that forms the principal basis for appellant's appeal to this court. Appellant, however, has not filed a notice of appeal from the denial of her § 23–110 motion. We emphasize that unless a party appeals from the denial of such a motion, the only issues properly before this court are those the party raises on the basis of the record of trial. See In re E.G.C., 373 A.2d 903, 905 (D.C.1977). All of the contentions appellant raises here depend upon the record made at the proceeding on her § 23–110 motion, except for the fourth claim of ineffective assistance set forth above. As to this contention, however, we note that it was at no time brought to the attention of the trial court and thus is raised for the first time on appeal. Only a showing that an alleged error is "so clearly prejudicial to substantial rights as to jeopardize the very fairness and integrity of the trial" warrants reversal for an error that appellant raises for the first time on appeal. See Watts v. United States, 362 A.2d 706, 709 (D.C.1976) (en banc). Appellant's contention is that trial counsel failed to exploit effectively a police officer's misidentification of appellant in open court. We have reviewed counsel's handling of this occurrence, which the jury saw for itself, and regard it as within the range of tactics defense counsel reasonably might employ.[1]

---

1. Even if we were to reach appellant's other contentions, our review of the record of the § 23–110 proceeding, which was made part of the record on appeal, convinces us that we would find them meritless. In order for a claim of ineffective assistance of counsel to warrant reversal, there must be a showing that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland, supra.* Moreover, judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that

counsel's conduct falls within the range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. Applying these standards to the alleged deficiencies set forth above, we are satisfied that counsel's representation in this case would not warrant reversal of appellant's convictions. Counsel chose not to rebut the government's contention regarding appellant's possession of $255.00 because the available rebuttal would have linked appellant to the automobile in which the narcotics were found. The evidence supported the trial judge's finding that it

*See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Accordingly, we conclude that no error occurred.

*Affirmed.*

was appellant herself who chose not to testify. In the absence of appellant's testimony, it was reasonable for trial counsel to conclude that the testimony of the other available defense witness would not have been helpful.