Sean QUALLS, Appellant,

v.

UNITED STATES, Appellee.

No. 94–CF–635.

District of Columbia Court of Appeals.

Aug. 20, 1998.

As Amended Oct. 1, 1998.

Bradford P. Johnson, Washington, DC, was on the motion for leave to withdraw and for appointment of replacement counsel.

Before TERRY, Associate Judge, KING, Associate Judge, Retired,* and BELSON, Senior Judge, in chambers.

PER CURIAM.

This matter comes before the court on appellate counsel's motion, filed at the behest of his client, Sean Qualls, to appoint replace-

---

* Judge King was an Associate Judge of the court at the time the opinion was released on August 20, 1998. His status changed to Associate Judge, Retired, on September 1, 1998.

ment counsel for the purpose of filing a petition for writ of certiorari in the Supreme Court. Mr. Qualls was convicted in the Superior Court, following a jury trial, of second-degree murder while armed and related weapons offenses, and he appealed. Bradford P. Johnson, Esquire, was appointed by this court to represent him for that appeal. Counsel filed a brief, and the case was argued on April 16, 1998. Shortly afterward the convictions were affirmed in an unpublished Memorandum Opinion and Judgment. *Qualls v. United States*, No. 94–CF–635 (D.C. April 29, 1998).

After the appeal was decided against him, Mr. Qualls was notified of that fact by his counsel. Mr. Johnson also informed Qualls of the options available to him, including the right to file a petition for writ of certiorari in the Supreme Court. Although Johnson advised Qualls that there were no non-frivolous issues to present in a certiorari petition, Qualls pressed Johnson to file such a petition anyhow. In response, Johnson filed a motion with this court for leave to withdraw from the case and for appointment of new counsel.

In an order entered on June 16, 1998, we granted Mr. Johnson's motion to withdraw and advised Mr. Qualls in the order that, if he wished, he could file a *pro se* petition for writ of certiorari. We also informed Qualls of the deadline for filing such a petition. No new counsel was appointed. The purpose of this opinion is to set forth the reasoning underlying what we did in that order.

## I

Following the enactment of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, and its District of Columbia counterpart, D.C.Code §§ 11–2601 *et seq.*, this court held in *Corley v. United States*, 416 A.2d 713 (D.C.1980), that an indigent defendant in a criminal case whose convictions have been affirmed by this court is entitled to the appointment of counsel for preparation of a petition for writ of certiorari in the Supreme Court of the United States. We observed that our judicial system was similar to those in the states and concluded that "[t]he opportunity for Supreme Court review of state court decisions is an integral component of

the total appellate process in a criminal case." *Id.* at 714. The issue presented by the motion of Qualls' appellate counsel is whether the right to the appointment of counsel to prepare a petition for certiorari applies when, as is the case here, there is no legal basis for such a petition. We are satisfied that there is no right to have counsel appointed in those circumstances.

## II

Our decision to limit the scope of the holding in *Corley* is based on the more recent decision of the Supreme Court in *Austin v. United States*, 513 U.S. 5, 115 S.Ct. 380, 130 L.Ed.2d 219 (1994). In *Austin* the Court held that an attorney appointed in a federal court under the Criminal Justice Act, 18 U.S.C. § 3006A, is not required to file a petition for writ of certiorari in contravention of the Court's rule against frivolous filings. The Court also held that, although a criminal defendant pursuing an appeal has the right to the appointment of counsel, that right is not absolute, and counsel cannot be forced to file frivolous pleadings. To implement that ruling, the Supreme Court directed the federal appellate courts to amend their rules, where necessary, to enable an attorney to withdraw from representation rather than file a frivolous petition. *Id.* at 8, 115 S.Ct. 380.

██ Because the Supreme Court was applying a federal statute not directly applicable to this court, we are not obliged to follow the Supreme Court's direction in these circumstances. However, the federal statute and our statute are essentially the same, and we are satisfied that the procedure set forth in *Austin* should be applied in this jurisdiction as well. *See Corley, supra*, 416 A.2d at 714 (Congress intended that indigent defendants in the local court system would have the same rights as defendants prosecuted in federal courts). Accordingly, applying the reasoning of *Austin*, we hold that the right to have counsel appointed pursuant to our ruling in *Corley* is limited to cases in which there are non-frivolous issues which can serve as grounds for the filing of a petition for writ of certiorari.

## III

As in the federal courts, we think it is appropriate to establish procedures to be followed by appointed counsel[1] after an appeal has been decided by this court, where there are no non-frivolous issues to present to the Supreme Court in a certiorari petition. To that end we direct that, upon final disposition of an appeal before this court, appointed appellate counsel shall notify his or her client of this court's decision, inform the client of the available options, including the right to file a petition for writ of certiorari, and then determine whether there is a non-frivolous basis for filing such a petition.[2] By "a non-frivolous basis" we mean that, in counsel's professional judgment, there are reasonable grounds for seeking Supreme Court review. If counsel determines that there are no such grounds, counsel shall immediately notify the client in writing of his or her intent not to file a petition for certiorari and the reasons underlying that decision.[3]

The written notice shall include instructions on how the client can file a *pro se* petition for writ of certiorari and a *motion to* proceed *in forma pauperis*, notice of the deadlines for their filing, copies of the *pro se* forms provided by the Supreme Court, and information about how to file a request for extension of time to file a petition for certiorari. The notice shall also state that the client has the right to file a motion for appointment of new counsel for the purpose of filing a petition for writ of certiorari.[4] In addition, counsel shall file with this court a copy of the written notification to the client.[5] Counsel's appointment will terminate upon the filing of that notification with this court.

In cases in which an indigent appellant has been represented by other counsel who no longer represents that appellant, or in which the appellant has proceeded on appeal *pro se*, and this court appoints counsel under *Corley* to file a petition for writ of certiorari, counsel shall initially ascertain whether there are any non-frivolous issues to present to the Supreme Court in such a petition. If counsel determines that there are not, counsel shall comply with the written notification requirements outlined above, and shall attach a copy of such notification to the motion to withdraw.

For the foregoing reasons, the motion of appointed counsel for leave to withdraw is granted. The request for the appointment of new counsel is denied.

*It is so ordered.*

---

1. In formulating these procedures, we have reviewed the various rules from the federal circuit courts interpreting *Austin*, all of which vary slightly from each other. We have chosen to adopt a composite of those rules in order to establish a reasonable course of conduct for appointed counsel who undertake to withdraw from representation when there are no non-frivolous issues to present in a certiorari petition to the Supreme Court. *See* D.C.Cir.R. app. IV; 1st Cir.R. 46.5; 2d Cir R.. app. pt. A, R. IV(1); 3d Cir.R. 109.2(b); 4th Cir.R. 46(d); 8th Cir.R. app. II, R. V; 9th Cir.R. 4–1(d).

2. When counsel identifies a sufficient issue or issues on which to base a petition, counsel shall, if he or she is a member of the Supreme Court bar, request a voucher from the Clerk of this court and file an appropriate petition in the Supreme Court. If counsel is not a member of the Supreme Court bar, counsel shall file a motion for the appointment of new counsel stating that non-frivolous issues exist for filing a petition for certiorari. The reason why counsel must request a new voucher is that the initial appointment in this court is solely for purposes of the appeal, which concludes after an opinion is issued and counsel completes the necessary review to determine whether there are any non-frivolous issues to present to the Supreme Court.

3. The D.C. Circuit requires that counsel notify the client that he or she will not file a petition and briefly explain why, inform the client about the procedures for filing a petition for certiorari *pro se*, and then notify the Court of Appeals that the representation has ceased. *See* D.C.Cir. R. app. IV.

4. Counsel should caution the client that this court is unlikely to appoint new counsel and that the client should be prepared to file a petition for certiorari *pro se* within the prescribed time. *See* D.C.Cir. R. app. IV.

5. Counsel shall not serve a copy of the notification upon the prosecutor. *See Bell v. United States*, 457 A.2d 390, 391 (D.C.1983)(motions to withdraw filed pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), shall not be served upon the prosecution).