**Craig A. WILLIAMS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 98–CO–1911.**

District of Columbia Court of Appeals.

Argued En Banc Sept. 10, 2001.

Decided Oct. 18, 2001.

---

Matthew W. Greene, Fairfax, VA, and Christopher Warnock, Washington, DC, both appointed by the court, for appellant.

Roy W. McLeese, III, Assistant United States Attorney, with whom Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher and Elizabeth H. Danello, Assistant United States Attorneys, were on the brief, for appellee.

Timothy P. O'Toole, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, as amicus curiae.

Before WAGNER, Chief Judge, TERRY, STEADMAN, SCHWELB, FARRELL, RUIZ, REID, GLICKMAN, and WASHINGTON, Associate Judges, and NEWMAN, Senior Judge.

### ON REHEARING EN BANC

FARRELL, Associate Judge:

We granted rehearing en banc in this case to consider whether relief is available to a criminal defendant whose appointed counsel on direct appeal fails to note a requested appeal from the denial of a motion alleging ineffective assistance of trial counsel filed during the direct appeal. For the reasons that follow, we hold that the breach of counsel's statutory duty to note an appeal in these circumstances entitles the defendant to a new opportunity to appeal the denial.

## I.

A jury found appellant (Williams) guilty of first-degree murder and carrying a pistol without a license. Williams filed a timely notice of appeal and, represented by new counsel, also filed a motion in Superior Court under D.C.Code § 23–110 (2001) alleging ineffective assistance of trial counsel. In doing so, he acted in conformity with this court's decision in *Shepard v. United States*, 533 A.2d 1278 (D.C.1987), which held that, in general, "if an appellant does not raise a claim of ineffective assistance of [trial] counsel during the pendency of the direct appeal, when at the time appellant demonstrably knew or should have known of the grounds for alleging counsel's ineffectiveness, that procedural default will be a barrier to this court's consideration of appellant's claim." *Id.* at 1280. Consistent with its usual practice, this court stayed the direct appeal pending decision on the § 23–110 motion. *Id.*

The trial court scheduled a hearing on the motion for November 19, 1992, and appointed appellate counsel to represent Williams in that proceeding. Following the hearing, the court denied the motion in open court, and Williams' counsel noted what purported to be an appeal from that order. *See, e.g., Hall v. United States*, 559 A.2d 1321, 1322 (D.C.1989) (separate notice of appeal must be filed from denial of § 23–110 motion). But the notice of appeal, as it appeared in the record, lacked a

second page and thus did not contain the signature of either Williams or his counsel. *See* D.C.App. R. 3(a) ("The notice of appeal shall be signed by the individual appellant or by counsel for appellant."). Appellate counsel proceeded to brief the merits of issues in the combined appeals, including the ineffectiveness claim raised by the denial of the § 23–110 motion. At oral argument, however, a division of this court raised the issue of the incomplete notice of appeal, and subsequently issued a memorandum opinion and judgment affirming Williams' convictions but stating that, because the steps necessary to effectuate an appeal from the denial of the § 23–110 motion had not been accomplished, the court was neither "consider[ing] nor resolv[ing] ... issues relating to the denial of relief by the trial court as to assertions of ineffective assistance of counsel." This court then issued its mandate and later denied a petition for rehearing "without prejudice to appellant seeking further relief [on the ineffective assistance claim] before the trial court."

Again represented by new counsel, Williams filed a second § 23–110 motion in Superior Court alleging ineffective assistance by his appellate counsel in failing to perfect the appeal from the denial of his first motion.[1] The government responded by citing *Lee v. United States*, 597 A.2d 1333 (D.C.1991), in which appellate counsel, after filing a § 23–110 motion during

---

1. In the second motion, Williams also challenged the adequacy of appellate counsel's conduct of the hearing on whether trial counsel had been constitutionally ineffective. But in the instant appeal Williams has not clearly differentiated between that claim of ineffectiveness of appellate counsel and the argument that counsel failed in his duty to note the appeal from the denial of the first motion. The division of this court therefore took this case as one in which the relief sought is a new appeal from the denial of the first § 23–110

motion, not a new hearing. *See, e.g.,* Pet. for Reh. and Reh. En Banc at 3 ("Mr. Williams' desire for the review of his claim of ineffective assistance of counsel on the merits was frustrated by his § 23–110 counsel's failure to perfect his appeal of the denial of his first § 23–110 motion"). We do likewise, and reserve for another case the issue of what rights, if any, a defendant may have with respect to appellate counsel's *conduct* of the hearing on a claim of ineffectiveness of counsel made in accordance with *Shepard.*

the pendency of the direct appeal, had failed to file a separate notice of appeal from the order denying the motion. Rejecting a claim of ineffectiveness similar to Williams', the *Lee* court observed that "[t]he Constitution does not ... require the appointment of counsel for post-conviction proceedings," citing (*inter alia* ) *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), and that "[t]here is likewise no statutory basis for an unqualified right to appointment of counsel." *Id.* at 1334. The court therefore held that "[s]ince Lee had no constitutional right to counsel for his § 23–110 motion, he cannot prevail on a claim that his counsel was constitutionally ineffective in relation to that motion." *Id.* at 1334.

The trial court in this case perceived itself bound by *Lee* and denied the second § 23–110 motion. On appeal, a division of this court likewise concluded that the issue of counsel's effectiveness in failing to note the appeal properly was controlled by *Lee,* and affirmed.[2] *See Williams v. United States,* 760 A.2d 205 (D.C.2000).

## II.

 Sitting en banc, we now hold that when, as in *Lee* and this case, a convicted defendant entitled to representation under the District of Columbia Criminal Justice Act appeals his conviction, and while the appeal is pending appointed counsel files a § 23–110 motion in accordance with *Shepard,* counsel has the statutory duty to take the steps necessary to effect an appeal requested by the defendant from the denial of that motion. Failure to fulfill this duty requires that the order of denial be vacated and re-entered so that an appeal may be properly noted. In so holding, we find it unnecessary to address additional issues which the parties were asked to brief for the en banc court. In particular, we decline in this case to reconsider the rule of *Shepard* set forth above, and our opinion presumes the continued operation of that rule.

In relevant part, the Criminal Justice Act provides: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from such person's initial appearance before the court *through appeals,* including ancillary matters appropriate to the proceedings." D.C.Code § 11–2603 (2001) (emphasis added). *Shepard* implicitly recognized the obligation that appointment to represent a convicted defendant under this provision places on counsel conducting the direct appeal to weigh filing a § 23–110 motion based on ineffectiveness of counsel. As we explained in *Doe v. United States,* 583 A.2d 670, 674 (D.C.1990):

> We elect not to pursue that analysis, nor to resolve the ambiguities in the record—mentioned in the en banc briefs and at oral argument—as to whether counsel did in fact file a properly signed notice of appeal. We granted rehearing en banc to consider the analysis and result of *Lee* which the trial court and the division followed in this case. We are not inclined to defer that issue until another day, and so take the case on the same factual premise as did the division. We do note, however, the uncertainty from the record of whether any "failure" or "fault" can truly be attributed to appellate counsel in fulfilling his professional duties.

**2.** Recently the Supreme Court, interpreting the federal rules of appellate and civil procedure, held that the failure to sign a timely notice of appeal does not deprive the court of appeals of jurisdiction over the appeal. *See Becker v. Montgomery,* 532 U.S. 757, ——, 121 S.Ct. 1801, 1804, 149 L.Ed.2d 983 (2001). Although *Becker* rested significantly on language of the federal rules not contained in this court's corresponding rules, it naturally invites the question of whether Williams' otherwise proper notice of appeal, defective only in that it lacked the required signature, was sufficient after all to effect the appeal under our rules, contrary to the division's opinion.

[Although] *Shepard* [did] not address the question of whether the express or implied duties of counsel appointed for a direct appeal include giving advice or taking actions with respect to the filing of § 23–110 motions based on the ineffectiveness of trial counsel[,] ... it placed upon the client, appellant on direct appeal, a duty to pursue recognizable avenues of § 23–110 relief for ineffectiveness of trial counsel, or face a procedural bar to later efforts to do so. We think it follows that an inherent part of counsel's responsibility on direct appeal is to consider whether the client's interests require the filing of a motion under § 23–110 based on ineffectiveness of counsel.

In *Doe* we outlined the duties of appellate counsel in regard to such a motion, *id.* at 674–75,[3] but we did not, because we had no occasion to, consider whether among those responsibilities is preservation of the denial of the § 23–110 motion for review by this court. In our judgment, however, that duty flows inescapably from the appointment of counsel and the procedure that *Shepard* commands.

The *Shepard* procedure, as we were careful to point out in that case, applies only when "appellant during the pendency of his direct appeal demonstrably knew or should have known of the grounds for alleging his [trial] attorney's ineffectiveness." 533 A.2d at 1280. In that sense, the ineffectiveness claim is no different from any of the myriad claims that may be raised on direct appeal, except that it, far more probably than others, will require amplification through evidence not present, and findings not possible, within the four corners of the trial record. Hence, as we said in *Shepard,* our past decisions had "suggested that an appellant who is aware of a basis for alleging ineffective assistance of trial counsel should file, during the pendency of direct appeal, a [corresponding] § 23–110 motion" because, "[w]here it is appropriate, that motion can furnish appellant a means of making a record regarding matters relevant to the ineffectiveness claim that do not appear in the record of the case on direct appeal." *Id.*[4] But the distinguishing feature of the ineffectiveness claim which *Shepard* addressed is that it can, and therefore must—so *Shepard* held—be raised within the framework of the direct appeal by the attorney appointed for the appeal. We perceive no reason why the obligations of counsel appointed for direct appeal, *Doe,*

---

**3.** We pointed out, for example, that if counsel and the appellant agree "that there exists an adequate basis for advancing a claim of ineffective assistance of trial counsel, ... [t]he next step would be the filing of a § 23–110 motion accompanied by a request by appellant to the Superior Court for it to appoint appellate counsel or other counsel as § 23–110 counsel." *Doe,* 583 A.2d at 675. At the same time, we recognized that the Criminal Justice Act provides no "unqualified right to such appointment," but instead that appointment "is obligatory" whenever the trial court determines that a hearing is necessary on the motion. *Id.* at 672–73; *see Jenkins v. United States,* 548 A.2d 102 (D.C.1988).

**4.** Also, if the § 23–110 motion is denied, "the appeal from its denial can be consolidated with the direct appeal." *Shepard,* 533 A.2d at 1280. We observe, however, that *Shepard* does not *require* consolidation of the two appeals. If appellate counsel believes he has a meritorious issue in the direct appeal, he may request that the appeals not be consolidated and resolution of the direct appeal not be deferred—thus avoiding whatever additional delay the § 23–110 proceedings might add to the combined appeals. *Cf. United States v. Lucas,* 314 U.S.App.D.C. 262, 67 F.3d 956, 958–59 (1995) (deferral of direct appeal pending resolution of post-trial motion caused part of multi-year delay between conviction and reversal for insufficient evidence). We expressly call the attention of counsel in future cases to the option of such a request.

*supra*, should not include the taking of ministerial steps necessary to insure review requested by the defendant of the order denying the § 23–110 motion and any accompanying record. *See Plan for Furnishing Representation To Indigents Under the District of Columbia Criminal Justice Act,* Section IV, para. 3 ("In cases where an appeal is available as of right, ... [and i]f requested to do so by the [defendant], counsel shall file a timely notice of appeal....").

The fact that, under *Shepard,* the vehicle for mounting the claim of ineffectiveness is this jurisdiction's statutory post-conviction procedure does not change the character of appellate counsel's obligation. Indeed, in *Snell v. United States,* 754 A.2d 289, 292 (D.C.2000), we recognized that an alternative procedure—remand of the record of the direct appeal—might be necessary to adjudicate such a claim where the convicted defendant was no longer "in custody" as required by § 23–110.[5] The practical link forged by *Shepard* between the direct appeal and the § 23–110 proceeding is at least strong enough to impose on appellate counsel the duty here of effecting an appeal from the denial of the motion.

## III.

■ The remaining question is whether the Criminal Justice Act provides a remedy for the failure of counsel to note a requested appeal from the denial of a § 23–110 motion filed in accordance with *Shepard.* Decisions of this court and the Supreme Court dictate the answer. Together, *Qualls v. United States,* 718 A.2d 1039, 1040 (D.C.1998), and *Corley v. United States,* 416 A.2d 713, 714 (D.C.1980), hold that appointed counsel's duty to provide continued representation "through appeals," § 11–2603, includes the obligation to file a timely, non-frivolous petition for a writ of certiorari requested by the defendant. *Corley* went on to decide the proper remedy for appellate counsel's failure (in that case) to inform the defendant of his right to file such a petition. The remedy was to "reaffirm" the judgment on direct appeal in order to start the time running for the filing of a new petition for certiorari.[6] *Id.* *Corley* relied on two Supreme Court decisions that had construed the federal Criminal Justice Act in the same way. Specifically, in *Wilkins v. United States,* 441 U.S. 468, 469, 99 S.Ct. 1829, 60 L.Ed.2d 365 (1979), and *Schreiner v. United States,* 404 U.S. 67, 67, 92 S.Ct. 326, 30 L.Ed.2d 222 (1971), the Court held that the federal statute requires appointed counsel to pursue the proceedings through the filing of a timely certiorari petition,[7] and that where appointed counsel has failed to file a requested petition, the proper remedy is to re-enter the appellate judgment and appoint new counsel to file a timely petition. *See also Doherty v. United States,* 404 U.S. 28, 29, 92 S.Ct. 175, 30 L.Ed.2d 209 (1971).

---

**5.** *Cf. also Watson v. United States,* 536 A.2d 1056, 1061 (D.C.1987) (en banc) ("[I]n some cases [of claimed ineffective assistance of *appellate* counsel], the record may be remanded to the trial court ... for a hearing and factual findings, with this court retaining jurisdiction pending the trial court's findings and a return of the record.").

**6.** Corley's initial, *pro se* petition had been granted by the Supreme Court in order to vacate the judgment of this court and allow a

determination on remand "of whether the District of Columbia Criminal Justice Act confers a statutory right to the assistance of counsel in filing a petition for a writ of certiorari." 416 A.2d at 713.

**7.** In *Austin v. United States,* 513 U.S. 5, 8, 115 S.Ct. 380, 130 L.Ed.2d 219 (1994), the Court clarified that the duty does not include the assertion of frivolous claims. *See Qualls, supra* (adopting same qualification under the District's CJA).

What is true of a certiorari petition following direct appeal must also be true of an appeal from the denial of a § 23–110 motion brought in conjunction with the direct appeal. *Cf. Rodriquez v. United States,* 395 U.S. 327, 332, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) (where retained counsel failed to file notice of direct appeal after unsuccessfully requesting leave for defendant to proceed in forma pauperis, resentencing was required "so that [defendant] may perfect an appeal in the manner prescribed by the applicable rules"); *Brown v. United States,* 656 A.2d 1133, 1136 (D.C.1995) (where defendant "was denied his statutory right to be represented by counsel" during hearing on motion filed in conformity with *Shepard,* that hearing "was a nullity" and did not bar a successive § 23–110 motion). Williams' statutory right to counsel entitled him to a properly noticed appeal from the denial of the motion brought pursuant to *Shepard.*[8] We therefore do not reach the question of whether the failure to effect an appeal in these circumstances is a denial of due process of law. *But see Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (due process violated when counsel representing defendant in first appeal as of right failed to file "statement of appeal" resulting in dismissal of appeal).

Accordingly, we vacate the denial of Williams' second § 23–110 motion and remand the case with directions for the Superior Court to vacate and reenter the November 19, 1992, order denying his motion alleging ineffective assistance of trial counsel, so that an appeal from that order may be noted in the required manner.

*So ordered.*

**RUIZ, Associate Judge, concurring:**

I join the majority opinion that appellate counsel appointed under the Criminal Justice Act have an obligation to effect an appeal from the denial of a D.C.Code § 23–110 motion challenging the effectiveness of trial counsel. Like Judge Glickman, I see nothing in the statutory mandate that appointed counsel provide representation "through appeals," D.C.Code § 11–2603 (2001), that would limit counsel's responsibility to motions filed during the pendency of direct appeal pursuant to our *Shepard* rule. As I've already indicated, the significance of *Shepard* is that, by making § 23–110 the procedural vehicle for developing the record in order to supplement claims of ineffective assistance of trial counsel, the due process right to effective assistance of counsel on direct appeal encompasses appellate counsel's duties in connection with developing before the trial court and bringing to appeal these supplemental § 23–110 claims. *See (Charles) Thomas v. United States,* 772 A.2d 818, 829–30 (D.C.2001) (Ruiz, J., dissenting in part) (citing *Evitts v. Lucey,* 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)). That constitutional ground provides an additional basis for granting relief to appellant here, but in this case, the statutory right suffices.

**GLICKMAN, Associate Judge, with whom NEWMAN, Senior Judge, joins, concurring:**

I am pleased to join the majority opinion. I write separately to identify two implications of the analysis that the majority embraces. The first implication is that the defendant's due process right to the effective assistance of counsel on direct

---

**8.** To the extent that *Lee v. United States, supra,* is inconsistent with this holding, it is overruled. It appears from the text of that opinion that the grounds on which we decide this case were not argued to the division in *Lee.*

appeal extends to appellate counsel's obligation under District of Columbia law to pursue certain challenges by way of a motion in the trial court to set aside the conviction pursuant to D.C.Code § 23–110. The second implication is that a defendant must be granted a new opportunity to appeal from the denial of a § 23–110 motion if his appointed counsel neglects to note a timely appeal even if the motion was not pursued in conjunction with a direct appeal of the defendant's conviction.

*Effective Assistance of § 23–110 Motion Counsel*

In *Evitts v. Lucey,* 469 U.S. 387, 396–97, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), the Supreme Court held that a criminal defendant is constitutionally entitled to the effective assistance of counsel in his first appeal as of right. A defendant is denied due process if the deficient performance of his appellate counsel deprives him of " 'an adequate opportunity to present his claims fairly in the context of the State's appellate process.' " *Id.* at 402, 105 S.Ct. 830 (quoting *Ross v. Moffitt,* 417 U.S. 600, 616, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974)). Such a deprivation occurred in *Evitts* when counsel's failure to file a "statement of appeal" as required by state procedural rules "essentially waived respondent's opportunity to make a case on the merits." *Id.* at 395 n. 6, 105 S.Ct. 830.

In holding that appellate counsel has a duty to note an appeal from the denial of a § 23–110 motion, the majority opinion in the present case relies in part on a mandatory feature of the direct appeal process in the District of Columbia. Under the law of the District, available claims of ineffective assistance of trial counsel are "essentially waived" if the claims are not pursued during the pendency of the direct appeal by means of a motion in the trial court pursuant to D.C.Code § 23–110. Although such Sixth Amendment claims are more likely to require amplification of the record, in principle they are "no different from any of the [other] myriad claims that may be raised on direct appeal." *Ante* at 601. Under *Shepard v. United States,* 533 A.2d 1278, 1280 (D.C.1987) and *Doe v. United States,* 583 A.2d 670, 674 (D.C. 1990), such claims therefore "must . . . be raised within the framework of the direct appeal by the attorney appointed for the appeal." *Ante* at 600.[1] Furthermore, as the majority opinion states, "[t]he fact that, under *Shepard,* the vehicle for mounting the claim of ineffectiveness is this jurisdiction's statutory post-conviction procedure does not change the character of appellate counsel's obligation." *Ante* at 602. As the majority acknowledges, citing *Snell v. United States,* 754 A.2d 289, 292 (D.C.2000), and *Watson v. United States,* 536 A.2d 1056, 1061 (D.C.1987) (en banc), instead of requiring ineffective assistance

---

1. "[I]f an appellant does not raise a claim of ineffective assistance of [trial] counsel during the pendency of the direct appeal, when at the time appellant demonstrably knew or should have known of the grounds for alleging counsel's ineffectiveness, that procedural default will be a barrier to this court's consideration of appellant's claim." *Shepard,* 533 A.2d at 1280. "[I]t follows that an inherent part of counsel's responsibility on direct appeal is to consider whether the client's interests require the filing of a motion under § 23–110 based on ineffectiveness of counsel." *Doe,* 583 A.2d at 674. "[C]ounsel on direct appeal is obliged

to make reasonable inquiry into the possibility of ineffective assistance of counsel at trial by researching and developing points thus uncovered that might give rise to a claim of ineffectiveness." *Id.* at 675. Thereafter, if appellate counsel concludes that there is "an adequate basis for advancing a claim of ineffective assistance of trial counsel," appellate counsel should, *inter alia,* file a § 23–110 motion and "a request by appellant to the Superior Court for it to appoint appellate counsel or other counsel as § 23–110 counsel." *Id.*

claims to be heard under § 23–110, this court as easily could have required such claims to be raised as a formal part of the direct appeal via remand of the record to the trial court for an evidentiary hearing. *Ante* at 602. By whatever name—a " § 23–110 motion hearing" or a "record remand"—the procedure is functionally the same, a proceeding to augment the record for purposes of permitting claims of ineffective assistance of trial counsel to be heard on their merits in the defendant's direct appeal.[2]

In short, under District of Columbia law, the § 23–110 motion to pursue Sixth Amendment ineffective assistance claims is an integral component of the defendant's direct appeal from his criminal conviction. The motion furnishes the defendant his only " 'adequate opportunity to present his claims fairly in the context of the [District's] appellate process.' " *Evitts,* 469 U.S. at 402, 105 S.Ct. 830 (citation omitted). The obligations of appellate counsel are not limited, therefore, to the duty we recognize today to note a timely appeal from the denial of a § 23–110 motion filed in accordance with *Shepard.* Under *Evitts* the defendant in the District of Columbia has a due process right to the effective assistance of appellate counsel in the identification, investigation and prosecution by § 23–110 motion of available claims of trial counsel ineffectiveness.[3]

*Duty of Appointed Counsel to Appeal Denial of § 23–110 Motion*

Although the majority opinion appropriately emphasizes the obligations of appellate counsel under *Shepard* and *Doe,* the holding of the opinion is that it is "appointed counsel's duty to provide continued representation 'through appeals' " pursuant to D.C.Code § 11–2603 (2001), *ante* at 603, that obligates appointed counsel upon request to file "a properly noticed appeal from the denial of the [§ 23–110] motion." *Ante* at 603. That statutory obligation of appointed counsel is independent of *Shepard* and *Doe,* and it is not limited to § 23–110 motions that are filed while the direct appeal is still pending; for under D.C.Code § 11–2601(3)(A) (2001), counsel may be appointed for persons "seeking collateral relief" pursuant to § 23–110 at other times. Successor counsel commonly are appointed, for example, to pursue post-appeal § 23–110 motions raising ineffectiveness claims that appellate counsel could not pursue because of a conflict of interest. *See Ramsey v. United States,* 569 A.2d 142, 146 (D.C.1990) (holding that the failure to raise an ineffectiveness claim during the direct appeal in accordance with *Shepard* does not bar consideration of a post-appeal § 23–110 motion raising the claim if the defendant was represented in the direct appeal by the allegedly ineffective lawyer). Hence, if appointed counsel breaches his statutory duty to take a timely appeal from the denial of a § 23–110 motion, the defendant should be entitled to the remedy that, the majority opinion holds, "the Criminal Justice Act provides," *ante* at 603—namely, reentry of the judgment so as to permit the defendant to notice a timely appeal—whether or not the motion is ancillary to a direct appeal.

---

2. Indeed, to treat these two functionally equivalent procedures as if they were different would raise due process (equal protection) concerns. *See Bolling v. Sharpe,* 347 U.S. 497, 499, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

3. And also other claims that require the vehicle of a § 23–110 motion to be pursued because they depend on the development of facts outside the record.