Carlos M. SWANN, Appellant,

v.

UNITED STATES, Appellee.

No. 98–CF–892.

District of Columbia Court of Appeals.

Nov. 16, 2001.

Before RUIZ and REID, Associate Judges, and NEBEKER, Senior Judge.

## AMENDED ORDER

PER CURIAM.

On consideration of this court's October 3, 2001, order to show cause, appellant's unopposed motion to extend time to file reply brief, the lodged reply brief, and appellant's counsel's motion to withdraw for business reasons, it is

ORDERED that appellant's unopposed motion to extend time to file reply brief is granted and the Clerk shall file the lodged reply brief. It is

FURTHER ORDERED that appellant's counsel's motion to withdraw for business reasons is granted. It is

---

FURTHER ORDERED that this appeal is hereby dismissed for lack of jurisdiction as being taken from a non-appealable order. *See Smith v. United States,* 686 A.2d 537 (D.C.1996), *cert. denied,* 522 U.S. 839, 118 S.Ct. 115, 139 L.Ed.2d 67 (1997); *Taylor v. United States,* 603 A.2d 451 (D.C.), *cert. denied,* 506 U.S. 852, 113 S.Ct. 155, 121 L.Ed.2d 105 (1992).

NEBEKER, Senior Judge, concurring:

This is a purported appeal from a non-appealable order. We so hold. Our dissenting colleague equates the belated confession by counsel (in his reply brief—not in the record on appeal) of his "mistake" in not noting an *Abney* appeal (*Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977)) into constitutional ineffectiveness under due process. I cannot make that leap. We do not know why the appeal failed to be noted. While it could have been a deficiency in counsel's representation, it could also have been his judgment that he could not prevail on appeal. Moreover, our recent *Williams* case, on which she relies, is replete with the qualification that counsel, per direction of his client, had a "duty" to note an appeal. *Williams v. United States,* 783 A.2d 598 (D.C.2001) (en banc). We do not even know on this record whether such demand was made by Mr. Swann. What we do know is that despite efforts to prevent improper testimony by a police witness, his response to a simple question and facial expression precipitated a mistrial. The record also shows that neither the trial judge nor defense counsel placed any blame on the prosecutor for what the police witness did. Thus, it could well be that an appeal from the order denying the dismissal motion would have produced only delay in the trial of this case and that

counsel made the deliberate choice to cast his lot with the motion to reconsider. Now to claim a mistake does not convert the failure of the appeal into constitutional deficiency. Such a question is initially for the trial court after a factual record is made. Given the lack of an *Abney* appeal, the remedy for Mr. Swann lies in a collateral attack of a conviction, if it should be obtained, where the questions the dissent assumes to answer can be fleshed out under a cause and prejudice analysis.

A most interesting facet of the dissent is its announcement that two judges agree that our *Williams* holding extends to Mr. Swann's situation. I do not believe that such a consensus can be accorded the dignity of precedent under *M.A.P. v. Ryan,* 285 A.2d 310 (D.C.1971). It is, after all, so far below the level even of dictum as to amount to mere musing. All that we hold is that we have no jurisdiction to do anything but dismiss this appeal as taken from a non-appealable order.

RUIZ, Associate Judge, dissenting: [1]

I disagree with the majority's dismissal of Swann's appeal. Because Swann's appeal was not properly taken as a result of his counsel's mistake, Swann is entitled to relief that will allow him to note an appeal from the denial of his double jeopardy claim.

After his trial ended in a mistrial, Swann, through appointed counsel, filed a motion to dismiss the indictment on double jeopardy grounds, claiming that because the mistrial was caused by the government's intentional conduct the double jeopardy clause bars a retrial. After the trial court denied the motion on December 12, 1997,[2] no appeal was taken. Instead, four months later Swann filed a motion for

---

1. I join the order granting counsel's motion to withdraw for business reasons.

2. The motion to dismiss the indictment was heard and denied by Judge Nan R. Shuker.

reconsideration, which also was denied, on April 24, 1998.[3] This appeal is from the trial court's denial of Swann's motion for reconsideration. On October 3, 2001, we issued an order, *sua sponte*, directing Swann to show cause why his appeal should not be dismissed for lack of jurisdiction because it was not taken from the initial denial of his motion to dismiss the indictment.[4] The majority dismisses the appeal on this ground.

Swann argues that because it was counsel who failed to note an appeal from the trial court's denial of the motion to dismiss the indictment, and instead, appealed the denial of the motion for reconsideration, the appropriate procedure is to reissue the original order and allow defendant to file a timely appeal, citing *Schreiner v. United States,* 404 U.S. 67, 92 S.Ct. 326, 30 L.Ed.2d 222 (1971); *Pressley v. Wainwright,* 493 F.2d 894, 895 (5th Cir.1974); *Jenkins v. United States,* 130 U.S.App. D.C. 248, 249, 399 F.2d 981, 982–83 (1968); and *Jackson v. United States,* 626 A.2d 878 (D.C.1993).[5]

I agree with Swann that counsel's mistake does not deprive him of the right to appeal. Counsel acknowledges that he failed to note an appeal from the trial court's dismissal of Swann's motion to dismiss the indictment on double jeopardy grounds. As the government argues, a trial court order denying a double jeopardy claim is immediately appealable. *See Abney v. United States,* 431 U.S. 651, 655,

97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). This is because it is the only way to effectively preserve appellate review of the right not to be "twice put in jeopardy" for the same offense through repeated prosecutions. *Id.* at 662, 97 S.Ct. 2034. Thus, an interlocutory appeal is the direct appeal on a double jeopardy claim as "[t]here are simply no further steps that can be taken in the [trial court] to avoid the trial the defendant claims is barred by the Fifth Amendment's guarantee." *Id.* at 659, 97 S.Ct. 2034. Swann has a due process right to counsel on direct appeal, *see Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), and where his counsel fails to note a timely notice of direct appeal, he is entitled to relief, *see Rodriquez v. United States,* 395 U.S. 327, 332, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) (ordering resentencing so that an appeal may be filed). Relying on the Criminal Justice Act, D.C.Code § 11–2603 (2001) (CJA), we have recently held en banc that it is the duty of appointed counsel to provide continued representation "through appeals" and, if counsel breaches that duty, a defendant is entitled to relief that will enable him to effect an appeal. *See (Craig ) Williams v. United States,* 783 A.2d 598 (D.C.2001) (en banc) (failure to note a timely appeal from a § 23–110 motion filed during the pendency of direct appeal). Swann is represented by counsel appointed under the CJA. Thus, both the Due Process Clause and the Criminal Justice Act entitle Swann to relief in this case.[6]

---

3. The motion for reconsideration was heard and denied by Judge Robert S. Tignor.

4. Although the government had noted the jurisdictional issue in its brief on the merits, it did not file a motion to dismiss the appeal. The government has not sought leave nor been asked to respond to Swann's contentions on the jurisdictional issue.

5. Swann also argues in the alternative that the initial denial of his double jeopardy claim

was not final and appealable because the trial court did not make the findings required by *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). Because I agree with his other point, it is not necessary for me to reach this argument. I note that the majority does not address it.

6. Judge Reid agrees that *Williams* applies to Swann's situation, but that this appeal is barred for the reasons stated.

The majority bases its dismissal on the proposition that the denial of a motion for reconsideration is not an appealable order, citing *Smith v. United States*, 686 A.2d 537 (D.C.1996), *cert. denied*, 522 U.S. 839, 118 S.Ct. 115, 139 L.Ed.2d 67 (1997), and *Taylor v. United States*, 603 A.2d 451 (D.C.), *cert. denied*, 506 U.S. 852, 113 S.Ct. 155, 121 L.Ed.2d 105 (1992). Although that is generally so, these cases are not dispositive of the issue before us, however, because neither addressed a claim that counsel's failure led to a belated appeal from a motion for reconsideration. *Williams* and the cases on which it relies establish that, where there is a right to assistance of counsel on appeal, the right to appeal is not lost through the mistake or inadvertence of counsel. The remedy is to remove procedural defaults so that appeal rights are preserved.[7]

As in *Williams*, I would vacate the trial court's denial of Swann's motion for reconsideration and remand the case with directions to the Superior Court to vacate and reenter its December 12, 1997 order denying his motion to dismiss the indictment, so that an appeal from that order may be noted in the required manner.[8] Swann should have an opportunity to seek a stay in the trial court of the new trial pending his appeal.[9]

---

**7.** Judge Nebeker is concerned that the record is unclear on whether Swann asked counsel to appeal or, rather, whether counsel "made the deliberate choice to cast his lot with the motion to reconsider." As Swann is not in custody, the usual procedural vehicles for establishing and obtaining relief from counsel's ineffectiveness, a habeas corpus petition, *see* D.C.Code § 16–1901, and a motion to set aside sentence, *see* D.C.Code § 23–110, are not available. If the record needs to be developed further, the appropriate course is a remand of the record. *See (Craig) Williams*, 783 A.2d at 606 (Glickman, J., concurring) (noting that a record remand is "functionally equivalent procedure" to a § 23–110 motion). That would seem to be unnecessary in any event. Here, counsel appointed by the court has admitted his error in failing to note a timely appeal. This is borne out by the trial court record. After filing the motion to reconsider, counsel represented in a motion to the trial court that he and the prosecutor had agreed to request that the trial date of April 22, 1998, should be converted to a status date "because both the defendant and the government would be entitled to an immediate right of appeal." The trial court granted the motion to convert the trial date to a status hearing and, at the status hearing, denied the motion to reconsider and counsel's request that the trial court issue a new order, stating that "the remedy to that, if any, is to either preserve the issue for ultimate appeal after trial or if you're entitled to some sort of interlocutory appeal, to appeal that." In light of Swann's impending retrial it is therefore appropriate to proceed to the remedy without further delay.

**8.** All appellate briefing has been completed, so that appeal should not unduly delay retrial, if retrial is permissible.

**9.** At this preliminary stage, I express no view on the merits of Swann's double jeopardy claims.