**Jimmy PEARSALL, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 02–CO–1009.

District of Columbia Court of Appeals.

Argued March 23, 2004.

Decided Sept. 30, 2004.

---

Robert S. Becker, Washington, DC, appointed by the court, for appellant.

Valinda Jones, Assistant United States Attorney, with whom Roscoe C. Howard, Jr., United States Attorney at the time the brief was filed, and John R. Fisher and Roy W. McLeese III, Assistant United States Attorneys, were on the brief, for appellee.

Before GLICKMAN and WASHINGTON, Associate Judges, and NEBEKER, Senior Judge.

WASHINGTON, Associate Judge:

In this case, we must decide whether our holding in *Williams v. United States,* 783 A.2d 598 (D.C.2001) (en banc) applies where appellate counsel appointed under the District of Columbia Criminal Justice Act[1] failed to note an appeal from the denial of a second motion under D.C.Code § 23–110 (2001) where requested by defendant. Appellant Jimmy Pearsall ("Pearsall") appeals the trial court's denial of his motion to vacate and reenter its order denying his § 23–110 motion ("motion to vacate"). Pearsall argues that the trial court erred because he is entitled to relief under *Williams.* We agree that Pearsall is entitled to relief under *Williams* if it is determined that he made a timely request to his appellate counsel to note an appeal. Consequently, we remand the case to the trial court to hold a hearing on the matter.

## I.

### A. *Pearsall's Trial, Sentencing, and First § 23–110 Motion*

On October 28, 1997, after a jury trial, Pearsall was convicted of conspiracy to

---

1. *See* D.C.Code §§ 11–2602, –2603 (2001).

commit armed robbery,[2] second-degree burglary while armed,[3] kidnapping while armed,[4] attempted armed robbery as a lesser-included offense of armed robbery,[5] first-degree felony murder while armed,[6] carrying a pistol without a license,[7] and possession of a firearm during the commission of a crime of violence or dangerous offense.[8] His trial attorney, appointed by the court, was Charles Stow ("Stow").

On December 10, 1997, before sentencing, Pearsall wrote a letter to the court regarding his trial and conviction. In the letter, Pearsall alleged that Stow failed to represent him adequately and "did a poor job at defending [his] life." Among the problems Pearsall cited were: 1) Stow's failure to mount a proper defense at trial, 2) his failure to visit Pearsall on a regular basis, 3) his failure to investigate the case or call witnesses Pearsall provided to him, and 4) his failure to visit Pearsall after he was convicted. Pearsall also wrote that neither he nor his mother was able to contact Stow after several attempts, and that Stow failed to return their phone calls. Pearsall then requested that the court appoint him a new lawyer for purposes of his appeal. On December 27, 1997, Pearsall sent another letter moving the court to either withdraw his counsel or hold a hearing to determine if his Sixth Amendment right to effective assistance of counsel had been infringed. Pearsall set forth four grounds for his request: 1) Stow did not subpoena Pearsall's witnesses to court, 2) Stow failed to take time to prepare his defense, 3) Stow told Pearsall that, were Pearsall to get convicted, it would be for less-severe charges, and 4) Stow often confused Pearsall during trial.

In response to Pearsall's letters, the court allowed Stow to withdraw as counsel and appointed Leonard Birdsong ("Birdsong") "for the purposes of sentencing and also with respect to any post-conviction relief and further proceedings he may deem appropriate." The court also stated it would consider Pearsall's claim of ineffectiveness of trial counsel as a post-trial § 23–110 motion after sentencing, which occurred on February 6, 1998. Birdsong filed a motion under § 23–110 which generally incorporated Pearsall's earlier allegations with respect to Stow's performance. After sentencing, a timely notice of appeal from the conviction was filed. The trial court denied Pearsall's § 23–110 motion without a hearing. Pearsall's appellate counsel at the time filed a timely notice of appeal from the denial of the motion.

### B. Pearsall's Second § 23–110 Motion

This court appointed Joanne Vasco ("Vasco") to represent Pearsall on appeal. Vasco obtained a stay of Pearsall's direct

**2.** In violation of D.C.Code §§ 22–2901, –3202 (1981), recodified at D.C.Code §§ 22–2801, –4502 (2001).

**3.** In violation of D.C.Code §§ 22–1801(b), –3202 (1981), recodified at D.C.Code §§ 22–801(b), –4502 (2001).

**4.** In violation of D.C.Code §§ 22–2101, –3202 (1981), recodified at D.C.Code §§ 22–2001, –4502 (2001).

**5.** In violation of D.C.Code §§ 22–2901, –3202 (1981), recodified at D.C.Code §§ 22–2801, –4502 (2001).

**6.** In violation of D.C.Code §§ 22–2401, –3202 (1981), recodified at D.C.Code §§ 22–2101, –4502 (2001).

**7.** In violation of D.C.Code § 22–3204(a) (1981), recodified at D.C.Code § 22–4504(a) (2001).

**8.** In violation of D.C.Code § 22–3204(b) (1981), recodified at D.C.Code § 22–4504(b) (2001).

appeal and, on June 14, 1999, filed a second § 23–110 motion in the trial court. In that motion, Vasco stated that it was her obligation as appellate counsel "to pursue any claims based upon ineffective assistance of counsel that are legitimate and desired by the defendant." Accordingly, the second § 23–110 motion alleged that Birdsong and Stow were ineffective in carrying out Pearsall's defense. Regarding Birdsong's performance on Pearsall's first § 23–110 motion, the motion stated that Birdsong's motion was insufficient to bring the matter to a hearing, and also "failed to consult Pearsall as to the contents of his motion, and conducted no investigation into trial counsel's representation." Regarding Stow, the motion alleged that he failed to call two alibi witnesses who were available and known to him. Pearsall alleged that had Stow called the two alibi witnesses, who purportedly received Pearsall at their home "miles away from the scene of the murder just minutes after the murder occurred," this would surely have affected the outcome of the trial. Attached to his second § 23–110 motion were affidavits of the two alibi witnesses.

The trial court denied Pearsall's second § 23–110 motion on September 21, 1999 without a hearing. The court acknowledged that, in the motion, Pearsall claimed that "both his trial counsel and his post-trial counsel ineffectively assisted him." The court, however, denied Pearsall's motion partly based on *Lee v. United States*, 597 A.2d 1333 (D.C.1991), a case in which we held that because the defendant had no constitutional right to post-trial counsel, he could not prevail on the claim that counsel was constitutionally ineffective. The court also held that Pearsall failed to overcome the cause and prejudice bar for successive § 23–110 motions. Vasco did not note an appeal from the denial of this motion, and subsequently moved to withdraw from the case. This court then appointed M. Eliza-

beth Kent ("Kent") as Pearsall's next appellate counsel. At this time, Pearsall's direct appeal and appeal from the first § 23–110 motion were still pending in this court.

### C. Motion to Vacate and Reenter Denial of Second § 23–110 Motion and Direct Appeal

On November 17, 2001, after oral argument on Pearsall's direct appeal, but while the case was still under advisement, Kent filed a motion in the trial court to vacate and reenter its denial of Pearsall's second § 23–110 motion. Kent argued that this court's holding in *Williams v. United States*, 783 A.2d 598 (D.C.2001) (en banc) mandated that the trial court vacate and reenter its order denying Pearsall's second § 23–110 motion so that he could note a timely appeal from that order. The motion stated that *Lee*, upon which the trial court had relied in denying Pearsall's second § 23–110 motion, had been overruled in part by *Williams*. Under *Williams*, Pearsall argued, the trial court was required to vacate and reenter its order because Vasco failed to note a timely appeal from the denial of the second § 23–110 motion.

On February 19, 2002, Pearsall supplemented his motion with a letter to the trial court. In the letter, Pearsall stated that he asked Vasco to appeal the denial of his second § 23–110 motion, but that she had failed to do so. A letter from Vasco dated March 24, 2000 to Pearsall indicated that she had no legal basis for appealing the denial of the second § 23–110 motion.

On September 4, 2002, the trial court denied Pearsall's motion to vacate and reenter denial of his second § 23–110 motion, stating that Pearsall did not qualify for relief under *Williams*. Specifically, the court stated that "*Williams* does not

support the proposition that defendants have the right to effective assistance of counsel on collateral attack." Although the court stated that Pearsall's case was procedurally similar to Williams' case, there was no legal basis upon which to expand *Williams* to allow review of counsel on collateral attack. The court stated that Williams' case was different for two main reasons. First, "in *Williams*, due to appellate counsel's procedural error, Williams was denied *any* appellate review of the trial court's denial of his § 23–110 motion." Pearsall, however, was different because a timely notice of appeal from the denial of his first § 23–110 motion, in which Birdsong attacked Stow's performance, had been filed. Second, the court stated, "Williams based his second § 23–110 on appellate counsel's failure to perfect an appeal from the denial of his first motion." In this case, the trial court noted, Pearsall based his second § 23–110 motion on the way Birdsong "conducted" Pearsall's challenge to Stow's performance. The trial court held that this second distinction was important because, in *Williams*, this court "declined to rule on the issue of counsel on collateral attack's conduct of an ineffective assistance of counsel claim." Consequently, the trial court denied Pearsall's motion to vacate and reenter denial of his second § 23–110 motion.

On December 19, 2002, this court issued its decision on Pearsall's direct appeal and appeal from the denial of his first § 23–110 motion. *See Pearsall v. United States*, 812 A.2d 953 (D.C.2002) ("*Pearsall I*"). In that opinion, we affirmed Pearsall's convictions and the trial court's denial of his § 23–110 motion. With regard to the § 23–110 motion, we held that the trial court did not err in denying the motion without a hearing because "appellant has failed to plead facts establishing deficient trial counsel performance or prejudice

within the meaning of *Strickland.*" *Id.* at 965.

## II.

On appeal, Pearsall contends that our holding in *Williams* applies to his case, and therefore, the trial court erred when it denied his motion to vacate and reenter its order denying his second § 23–110 motion. Because § 23–110(f) provides an appeal of right from a denial of a motion filed under it, Pearsall argues that the merits of the second collateral attack are irrelevant. Rather, the only relevant question under *Williams*, Pearsall contends, is whether he asked Vasco to appeal from the denial of the § 23–110 motion. Pearsall's broader argument is that the trial court's order prevented him from "fully presenting to this Court his claim that his Sixth Amendment rights were violated because trial counsel provided constitutionally ineffective representation." This argument is based on his contention that, because both Stow and Birdsong provided him with ineffective representation, his Sixth Amendment claim has never been reviewed on the merits.

The government argues that the trial court correctly determined that *Williams* is inapplicable to Pearsall's case for three reasons: 1) there is no record support to show that Pearsall made a timely request to Vasco to appeal the motion, 2) "appellate counsel have no duty to pursue claims of ineffective assistance of counsel who file post-conviction collateral motions," and 3) "the statutory duty recognized in *Williams* should not extend to frivolous appeals." The government also argues that Pearsall's second § 23–110 motion lacks substantive merit because Pearsall had no right to effective collateral attack counsel and, also, there is no prejudice from Birdsong's alleged ineffectiveness.

## III.

At the outset, we note the unusual procedural posture of this appeal. Although the heart of this case is Pearsall's desire to appeal the denial of his second § 23–110 motion, we are unable to review the merits of that decision or of his substantive claims of ineffectiveness of trial counsel and counsel on collateral attack. Rather, our review is specifically limited to the trial court's handling of his motion to vacate and reenter the order denying Pearsall's second § 23–110 motion. We conclude that, in light of our holding in *Williams* and the specific circumstances of this case, the trial court was required to hold a hearing to determine whether Pearsall made a timely request to Vasco to appeal his § 23–110 motion. Consequently, we remand the case to the trial court with instructions to hold a hearing for that purpose. If the court finds that Pearsall made a timely request, we hold that *Williams* mandates that the trial court vacate and reenter its order so that Pearsall may note a timely appeal from the denial of his second § 23–110 motion.

### A. *Duties of Appellate Counsel*

Our case law is well established regarding duties of appellate counsel appointed by the court under the Criminal Justice Act. In *Shepard v. United States*, 533 A.2d 1278, 1280 (D.C.1987), we held that "if an appellant does not raise a claim of ineffective assistance of counsel during the pendency of the direct appeal, when at that time appellant demonstrably knew or should have known of the grounds for alleging counsel's ineffectiveness, that procedural default will be a barrier to this court's consideration of appellant's claim." Because of this obligation on the appellant's part, we in turn have recognized that "an inherent part of counsel's responsibility on direct appeal is to consider whether the client's interests require the filing of a motion under § 23–110 based on ineffectiveness of counsel." *Doe v. United States*, 583 A.2d 670, 674 (D.C.1990).

As we pointed out in *Williams*, our opinion in *Doe* set forth the duties of appellate counsel with regard to a § 23–110 motion, but it did not address whether those duties included noting an appeal from a denial of such a motion. In *Williams*, therefore, we first considered whether appellate counsel's obligations on direct appeal include a duty to note an appeal when requested from the trial court's denial of a § 23–110 motion. In *Williams*, during the pendency of the direct appeal, appellate counsel filed a § 23–110 motion in the trial court alleging that trial counsel was ineffective. We held that counsel was acting in accordance with *Shepard* in filing that motion. *See Williams*, 783 A.2d at 600. After the trial court issued an order denying Williams' motion, appellate counsel noted an appeal from that order. The notice of appeal, however, was missing the second page which included counsel and appellant's signatures. Consequently, on appeal, this court was unable to consider the merits of William's collateral attack because the necessary steps to file a proper appeal had not been accomplished.

Williams then filed a second § 23–110 motion alleging ineffective assistance of appellate counsel in failing to note a proper appeal from the denial of his first § 23–110 motion. In granting Williams relief, we held that when

a convicted defendant entitled to representation under the District of Columbia Criminal Justice Act appeals his conviction, and while the appeal is pending appointed counsel files a § 23–110 motion in accordance with *Shepard*, counsel has the statutory duty to take the steps necessary to effect an appeal requested by the defendant from the denial of that

motion. Failure to fulfill this duty requires that the order of denial be vacated and re-entered so that an appeal may be properly noted.

*Williams,* 783 A.2d at 601. We recognized that the link between *Shepard,* the direct appeal, and the § 23–110 motion "is at least strong enough to impose on appellate counsel the duty here of effecting an appeal from the denial of the motion." *Id.* at 603.

### B. Pearsall's Second § 23–110 Motion

■ We now turn to address whether, in this case, *Williams* required Vasco to perfect an appeal from the denial of the second § 23–110 motion if Pearsall made a timely request. When Vasco was appointed as appellate counsel in Pearsall's case, she filed a motion in the trial court under § 23–110 alleging ineffectiveness of Birdsong and Stow's performance. Of particular importance is that, although Vasco stated that she was challenging Birdsong's performance, her motion also raised specific challenges to Stow's performance at trial. The motion stated that Stow failed to call two alibi witnesses who allegedly received Pearsall at their home "miles away from the scene of the murder just minutes after the murder occurred." Vasco attached affidavits of both witnesses, in which they stated that they would have testified as alibi witnesses during trial, but that no attorney had ever called upon them to do so.[9] Because Pearsall's direct appeal and appeal from the denial of his first § 23–110 were pending at the time Vasco filed the second § 23–110 motion, we conclude that Vasco acted in accordance with her duties under *Shepard* and *Doe* to challenge trial counsel's ineffectiveness. *See Doe,* 583 A.2d at 674 (holding that part of counsel on direct appeal's duty

is to consider whether the client's interests include the filing of motions under § 23–110 based on trial counsel's ineffectiveness).

Our recent decision in *McCrimmon v. United States,* 853 A.2d 154 (D.C.2004) further supports the conclusion that Vasco acted properly when she filed the second § 23–110 motion. *See id.* at 159–62 (stating that second appellate counsel acted properly under *Shepard* by filing second § 23–110 motion in trial court alleging grounds first appellate counsel failed to raise in first § 23–110 motion). Because the direct appeal was pending when Vasco filed the § 23–110 motion in accordance with *Shepard,* she had the "statutory duty to take the steps necessary to effect an appeal requested by the defendant from the denial of that motion." *Williams,* 783 A.2d at 601.

■ Having established that Vasco was obligated to perfect an appeal from the denial of the second § 23–110 motion if requested by Pearsall, we must address whether such a request was actually made. The record before us includes two pieces of information that shed light on this matter: 1) a February 19, 2002 letter from Pearsall to the court in which he stated that he had asked Vasco to appeal the denial of his second § 23–110 motion but that she had not done so, and 2) a March 24, 2000 letter from Vasco to Pearsall in which Vasco informed him that she had no legal basis for appealing the denial of the second § 23–110 motion. Otherwise, there is no indication in the record whether Pearsall made a timely request to Vasco.

The trial court denied Pearsall's motion to vacate based on its belief that *Williams* was inapplicable to Pearsall's case. As we have pointed out, however, Vasco was obli-

---

9. For this reason, we reject any allegation that the second § 23–110 motion was frivolous or merely challenged Birdsong's performance.

gated under *Williams* to perfect an appeal had Pearsall made such a request. Therefore, because it is unclear whether Pearsall made a timely request to Vasco to note an appeal from the denial of the second § 23–110 motion, this case must be remanded to the trial court to determine through an appropriate hearing whether such a request was made of counsel. If the trial court finds that Pearsall made a timely request, the court must vacate and reenter its earlier order denying the second § 23–110 in order to allow Pearsall to note a timely appeal in accordance with *Williams.*[10]

*So ordered.*

10. If, during the course of this remand, the trial court wishes to review its decision on the merits of appellant's Sixth Amendment claim in his second § 23–110 motion, we know of no rule that would prevent it from doing so.

We do not consider Pearsall's Sixth Amendment claim with regard to Birdsong and Stow's performance here because the matter is not properly before us.